CASE 84—ACTION BY JOHN B. HURST AGAINST SKIDMORE, &C. FOR A
MANDAMUS.—JUNE 12.

# Skidmore &c. v. Hurst.

### APPEAL FROM HARLAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.   REVERSED.

ELECTIONS—PETITION TO HAVE NAME PLACED ON BALLOT—PRIORITY OF
RIGHT TO USE PARTY DEVICE.

Held:   1. Under the election law of October 16, 1900, requiring a pe-
tition for a name to be placed on the ballot to be signed by one
hundred voters of the county, and providing that "no petition-
er shall be counted except his residence and postoffice address
be designated," a petition, though signed by more than one
hundred voters, was not sufficient; the residences and postoffice
addresses of only seventy-eight of the petitioners being desig-
nated.

2. As the statute provides that, if any political party entitled to
nominate by convention shall fail to do so, the names of all nom-
inees by petition who shall be designated in their petition as
members and candidates of such party shall be printed under
the party device, the mere failure of the party to act gives
the right to file the petition, and the clerk is only required to
know from the records of his office whether the party has acted.

3. If two or more petitions are filed, asking that different candi-
dates for the same office be placed under the same party de-
vice, that device must be given to the one which first selected it,
and the clerk must select a suitable device for the other.

4. The filing of a certificate of nomination before the expiration of
the time for filing such certificates supersedes all petitions, and
only the name thus certified should be placed under the party
device; and therefore one who has been nominated by petition
is not entitled, before the expiration of the time for filing cer-
tificates of nomination, to a mandamus to compel the clerk to
place his name on the ballot under the party device.

N. B .HAYS, FOR APPELLANT.

This appeal involves the construction of the law of this State
governing elections.

The facts are as follows:

The Republican exeecutive committee, of Harlan county, at a meeting February 23, 1901, and April 20, 1901, and May 6, 1901, determined at each of said meetings that it was not to the interest of said party to make nominations either by convention or primary election, for the various county offices to be elected at the November election, 1901, but let each and all of the candidates run as Republican candidates if they so desired, and then said committee adjourned without making any provision for said nominations.

John B. Hurst, who was one of the candidates for county judge, on May 10, 1891, filed an alleged petition of nomination in the office of J. F. Skidmore, the county court clerk of said county, and on July 18, 1901, brought this suit in the Harlan circuit court for a mandatory injunction against said Skidmore as clerk, H. C. Rice, W. C. L. Huff, and J. K. Farley who were avowed candidates for said office, claiming that by reason of having first filed a petition of nomination as a Republican, he was entitled to the Republican emblem and device, to the execlusion of all the other Republican nominees by petition for said office.

The lower court granted the relief asked, from which judgment this appeal is prosecuted by Skidmore and others.

We contend that when the constituted authorities of a politi-cal party, have acted and declined to make a nomination, then the *names of all nominees by petition* of said party for any one office, shall be placed under the party device on the ballots, or that *no nominee, by petition*, has the right to have his name placed under such device.

The statute provides: "In the event two or more persons who have filed certificates of nomination with the county clerk shall claim to be the nominee of the same political party, the governing authority of said political party shall designate in writing which of said candidates shall be entitled to the party device.

But as in this case where the governing authority declined to make a nomination and has given no direction to the clerk, the party device is common to all, and should be given to all or to none. Kentucky Statutes, secs. 1453 and 1460; Act approved October 16, 1900, secs. 1, 2 and 4; Southall v. Griffith, 100 Ky., 91; Davis v. Hambrick, 22 R., 815; Moody v. Trimble, 22 R., p. 692.

(No brief for appellee).

Opinion of the court by JUDGE HOBSON—Reversing.

Appellee, John B. Hurst, was a candidate for county

judge of Harlan county at the November election, 1901. Appellant Skidmore was the clerk of the county court. Appellee filed this petition against Skidmore as clerk, seeking a mandamus requiring him to place appellee's name on the official ballot as the Republican nominee for county judge under the Republican emblem. He alleged, in substance, that the Republican committee for the county was called together on February 3, April 20, and May 6, 1901, for the purpose of making provision for the nomination of candidates for county offices, but on each occasion failed and refused to make any provision for such nomination, and adjourned after announcing publicly that it would not make any such provision; that he had on May 10, 1901, filed with the clerk a petition signed by 100 voters of the county, asking that his name be placed on the ballot as the Republican nominee for county judge; that there were several other candidates for the office, and they were preparing similar petitions, asking that their names be placed on the ballot in the same way, and that the clerk was threatening to, and, unless restrained by the court, would, refuse to place his name on the ballot as the Republican nominee for county judge. The clerk demurred to the petition. His demurrer was overruled. He then filed an answer in which he alleged that one of the other candidates had filed a similar petition to that filed by Hurst, and that the others were getting up their petitions. To this answer the court sustained a demurrer, and on August 16th awarded the plaintiff a peremptory mandamus, requiring the clerk to place his name upon the ballot as the Republican nominee for county judge. From this judgment he appeals.

By section 1 of the act approved October 16, 1900 (see Acts Called Sess., 1900, p. 6), it is provided, in reference to petitions for a name to be placed on the ballot, as follows:

"The signatures of such petition need not be appended to one paper, but no petitioner shall be counted except his residence and post office address be designated." The petition filed by Hurst with the clerk had to it only 78 names where the residence and post-office address of the petitioner were designated. The other 24 names were written one after the other, without any designation of the post-office address. The statute is peremptory, and under it the petition presented by Hurst was insufficient, as it was not signed by 100 petitioners who could be counted.

By the same section it is provided that, if any political party entitled to nominate by convention shall in any case fail to do so, the names of all nominees by petition for any office who shall be designated in their petition as members of and candidates of such party shall be printed under the device and title on the ballots, as if nominated by a convention. Under this provision it is immaterial whether the party authorities refuse or fail to act. A refusal is a failure to nominate. The clerk is not required to look beyond the records of his office. If there has not been filed in his office evidence of the action of the party in making a nomination by convention or other party action, and a petition is filed, the condition referred to in the statute is fulfilled, and the candidate, by petition, is entitled to go on the ballot. The nonaction by the party gives the right to file the petition, and, whether the party had acted or not, the clerk is only required to know from the records of his office. If two or more petitions are filed, asking that different candidates for the same office be placed under the same party device, by section 4 of the act it must be given to the one which first selected it, and the clerk must select a suitable device for the other.

But the party has the right, until the time for filing cer-

tificates of nomination has expired, to act and make nominations; and if, within this time, a certificate is filed with the clerk, it supersedes all petitions, and the name of the candidate alone nominated by the certificate should be placed under the party device. In this case when the judgment was entered the time for the party to act and make a nomination had not expired, and the court should not have directed the clerk peremptorily to place the name of any candidate by petition on the ballot under the Republican device. He thereby prevented the party from acting, as it still had a right to do, and make a nomination, and file its certificate with the clerk at any time, not less than 15 days, before the election. Kentucky Statutes, section 1456.

Appellant's petition, therefore, when it was filed, stated no cause of action, and he had none when the judgment was entered. The judgment is therefore reversed, with directions to dismiss the petition.

Whole court sitting.

Judge Paynter dissents from so much of the opinion as holds that the first person filing a petition is entitled to preference.