Case 77—CONTESTED ELECTION—January 24.

# Varney v. Justice.

APPEAL FROM PIKE CIRCUIT COURT.

1. ELECTIONS—CONSTRUCTION OF STATUTES AND CONSTITUTION.—A statute is to be regarded as directory merely if the directions given to accomplish a particular end may be violated, and yet the given end be in fact accomplished, and the merits of the case unaffected, and this rule is applied where the statute gives directions as to the manner of holding elections; but the same rule can not be applied to the Constitution of the State.

2. SAME.—The words of the Constitution are never to be regarded as directory merely. If directions are given as to the manner of exer-

Varney v. Justice.

cising a power, it was intended that the power should be exercised in the manner directed and in no other manner, as no unessential matters were intended to be embraced in the Constitution.

Section 16 of article 8 of the Constitution provides: "All elections by the people shall be held between 6 o'clock in the morning and 7 o'clock in the evening." At an election for jailer, the officers of the election, being unable to record the votes of all who offered to vote within those hours, kept the polls open from 7 o'clock in the evening until 9 or 10 o'clock that night, during which time they recorded the names of twenty-five voters, all of whom voted for appellant, who was declared elected to the office of jailer. At 7 o'clock in the evening, appellee had received a majority of the votes cast. He contested appellant's right to the office upon the ground that the twenty-five votes cast after 7 o'clock were illegal. *Held*—That the constitutional provision quoted is mandatory, and that appellee is entitled to the office.

3. SAME.—Where another than the person returned as elected is found to have received the highest number of legal votes given, he is entitled to the office.

CONNELLY & CLINE FOR APPELLANT.

1. The provision of the Constitution, article 8, section 16, that all elections by the people shall be held between the hours of six o'clock in the morning and seven o'clock in the evening, is directory only. (Cooley's Constitutional Limitations, pp. 78, 80, 604, 617.)

2. The object of an election is to secure a fair and full expression of the will of the people, and that accomplished, mere irregularities will not make void an election. (7 Bush, 531, Clark v. McKinsey; 10 Bush, 744, Commonwealth v. Jones; 9 Kentucky Law Reporter, Anderson v. Winfree.)

JAS. M. YORK, A. J. AUXIER AND J. LEE FERGUSON FOR APPELLEE.

Sec. 16, art. 8 of the Constitution, as to the time during which an election shall be held, is mandatory. (McCrary on Elections, secs. 114, 127, 141; 4 Penn. L. J., 341; Cooley's Constitutional Limitations, 78, 79.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

At the August election, 1886, the appellant and appellee were opposing candidates for the office of jailer of Pike county, Kentucky.

It is agreed that the officers of the election for pre-

cinct No. 6, in said county, were legally appointed and duly qualified to hold and conduct the election in said precinct; that they met at six o'clock in the morning of the day designated by the Constitution of the State, for the purpose of holding said election, and immediately entered upon the discharge of their duties; that they held the election, without intermission, from six o'clock in the morning until seven o'clock in the evening; that at the hour of seven o'clock a considerable number of the legal voters of the precinct, who had been at the polls nearly all day wishing to vote, had not voted, because the officers of the election could not record their votes between the hours above-named; that the officers of the election, in order to accommodate these voters, kept the polls open from seven o'clock in the evening until nine or ten o'clock that night, during which time they received and recorded the names of twenty-five voters of the precinct, all of whom voted for the appellant. These twenty-five votes were counted for the appellant; by the aid of which, he was declared elected to the office of jailer; but for the aid of these votes, the appellee was elected to the office of jailer. In a word, at the hour of seven o'clock in the evening the appellee had received a majority of the legal votes cast in the county for the office of jailer.

The appellee contested the appellant's right to the office upon the ground that these twenty-five votes cast for the appellant after seven o'clock in the evening were illegal votes, and should not have been received or counted, because they were cast without the hours prescribed by the Constitution of the State. The circuit court sustained the appellee's contention, and

awarded the certificate of election to him. From that judgment the appellant has appealed to this court.

This court has held time and again, and recently in the case of Anderson v. Winfree, 85 Ky., 597, that where the election has been held within the hours fixed by the Constitution of the State, and at the place designated by law, mere irregularities in appointing the officers of the election, or mere irregularities in the proceedings of the officers of the election, will not vitiate the poll; nor will such irregularities be permitted to disfranchise, for the time being, a legal voter voting at such an election, unless such irregularities affect the real merits of the case.

This court has announced the foregoing doctrine upon the ground that the appointment of the officers of the election, and the manner of their conducting it, are regulated by statute; and in order that the legal voter may be protected and not be disfranchised, for the time being, by mere irregularities in the appointment of the election officers, or mere irregularities in the proceedings of the election officers, the statute authorizing their appointment and prescribing the manner in which they shall conduct the election must be construed to be directory merely, and not mandatory, unless such irregularities really affect the merits of the case, in which case the statute must be construed to be mandatory.

But the question presented in this case is altogether different. Here we are called upon to deal with a constitutional question. For section 16 of article 8 of the present Constitution of this State provides: "All elections by the people shall be held between 6 o'clock in the morning and 7 o'clock in the evening."

By the term directory, it is meant that the statute gives directions which ought to be followed, but the power given is not so limited by the directions that it can not be exercised without following the directions given. In other words, if the directions given by the statute to accomplish a given end are violated, but the given end is in fact accomplished, without affecting the real merits of the case, then the statute is to be regarded as directory merely.

Should this rule of construction be applied to the Constitution of the State? We think not. The Constitution of the State was adopted by the people of the State as the fundamental law of the State. This fundamental law was designed by the people adopting it to be restrictive upon the powers of the several departments of government created by it. It was intended by the people that all departments of the State government should shape their conduct by this fundamental law. Its every section was, doubtless, regarded by the people adopting it as of vital importance, and worthy to become a part and parcel of the constitutional form of government, by which the governors as well as the governed were to be governed. Its every mandate was intended to be paramount authority to all persons holding official trusts, in whatever department of government, and to the sovereign people themselves. No mere unessential matters were intended to be ingrafted in it; but each section and each article was solemnly weighed and considered, and found to be essential to the form of constitutional government adopted. Whenever the language used is prohibitory, it was intended to be a positive and unequivocal nega-

tion. Whenever the language contains a grant of power, it was intended as a mandate. Whenever the language gives a direction as to the manner of exercising a power, it was intended that the power should be exercised in the manner directed, and in no other manner. It is an instrument of words, granting powers, restraining powers and reserving rights. These words are fundamental words, meaning the thing itself; they breathe no spirit except the spirit to be found in them. To say that these words are directory merely, is to license a violation of the instrument every day and every hour. To preserve the instrument inviolate, we must regard its words, except when expressly permissive, as mandatory, as breathing the spirit of command.

The section under consideration uses the word "shall;" it is mandatory, and excludes the right to hold the election earlier than six o'clock in the morning, and later than seven o'clock in the evening. If the language was construed as directory merely, the election might not only be continued until nine or ten o'clock at night, but all next day and the day after, and on and on, unless the courts in the exercise of a discretion should limit it, and thus make a constitutional provision in disregard of the one made by the people, for the government of elections.

For these reasons it is clear that the votes cast after seven o'clock in the evening, for the appellant, were illegal, and that the circuit court did right in excluding them.

Subdivision 8 of sec. 1, art. 7, chap. 33, of the Gen. Stats., provides: "Where another than the person returned shall be found to have received the highest

number of legal votes given, such other shall be adjudged to be the person elected and entitled to the office."

Deducting the twenty-five illegal votes from the number of votes that the appellant received in the county, the appellee received the majority of the legal votes cast. And according to the section of the statute *supra* he was elected and entitled to the office.

The judgment of the lower court is affirmed.