CASE 44—ACTION BY JOHN RYAN AND OTHERS AGAINST J. D. WYATT,
COUNTY JUDGE, FOR A WRIT OF MANDAMUS.—MAY 13.

# Wyatt, Judge v. Ryan, &c.

### APPEAL FROM FLEMING CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

INTOXICATING LIQUORS—LOCAL OPTION—AUTHORITY OF JUDGE TO OR-
DER ELECTION.

Held: To authorize a county judge to order an election to take
the sense of the voters of a precinct as .to whether a prohib-
itory liquor law in force in the county shall become inopera-
tive in the precinct, as provided by Kentucky Statutes, section
2554, it must appear that the signatures to the petition requesting
the judge to order the election are genuine, and that the sign-
ers are residents of the precinct, and are equal in number to
twenty-five per cent. of the votes cast in the precinct at the
last preceding general election; these being jurisdictional facts.

B. S. GRANNIS, J. H. POWER AND JOHN P. McCARTNEY, ATTOR-
NEYS FOR APPELLANT.

On the 22d day of July, 1901, appellees, John Ryan and others
filed a petition with appellant, as county judge of Fleming
county, signed by a number of persons representing themselves.
to be legal voters of Flemingsburg precinct, No. 12, in Fleming
county, asking appellant, as county judge, to order an elec-
tion to be held in said precinct on October 1, 1901, for the

purpose of taking the sense of the legal voters of said precinct upon the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, and whether or not the present prohibition law for Fleming county, shall become inoperative in said precinct.

The appellant dismissed said petition and refused to order said election, and thereupon the appellees on September 2, 1901, filed their petition in the Fleming circuit court against appellant as county judge aforesaid, asking the court to award a writ of mandamus compelling appellant to order said election.

To this petition appellant filed a general demurrer which was overruled, and thereupon appellant filed his answer, stating that, as county judge of Fleming county and acting in good faith on consideration of said petition, he felt it was incumbent on him to consider the proof introduced, and in his judgment to say whether or not the statute was complied with in the presentation of said petition. That he believed then and still believes that appellees were required to show by competent evidence that all the parties whose names appear to said petition were qualified voters in said precinct, and were equal to twenty-five per cent. of the votes cast in said precinct at the last general election, that he considered the proof offered by appellees insufficient, and having passed judicially upon the questions presented to him for his consideration, he had the right to so act, and is not subject to be controlled by the writ of mandamus.

To this answer the court sustained a demurrer, and appellant declining to plead further, the circuit court awarded a writ of mandamus to compel appellant to order said election, and from this ruling of the circuit court, this appeal is prosecuted.

We submit that under the facts alleged in the appellant's answer, the writ of mandamus does not lie against him and that the circuit court erred in so awarding it.

### AUTHORITIES CITED.

1. Qualification of voters in this State. Kentucky Statutes, secs. 1478, 1479, 1480.

2. Conditions required in petition. Kentucky Statutes, sec. 2554.

3. Mandamus does not lie in this case. Dickens v. Cave Hill Cemetery Co., 93 Ky., 390; Cassedy, Auditor's Agent v. Young County Judge, 92 Ky., 227; Booe County Judge, &c. v. Kenner, 20 R., 1343; Blair v. McCann, &c., 64 S. W. Rep., 984.

W. G. DEARING, G. A. CASSIDY, J. D. PUMPHREY AND J. T. MAHER, FOR APPELLEES.

We submit that when a petition is filed with the county judge, signed by the requisite number of legal voters in the territory to be affected, and the proper amount of money tendereed the county judge has no discretion in the matter and is compelled to act. The statute, therefore, is mandatory.

In this case there were no grounds for exceptions, no irregularities, and not a single cause why the election should not be called, and the action of appellant was a mere subterfuge to carry out his own ideas on this question.

We think there are three salient propositions for this court to determine:

1. Have the citizens of a precinct the right to petition for such an election?

2. Has the county judge, who has no monetary interests involved, a right to supersede the mandates of a superior tribunal ordering him, an inferior judge, to perform a ministerial act?

3. Does the right of appeal from the judgment of the circuit court, granting a peremptory writ of mandamus agaainst an inferior officer for an election as directed by statute, exist?

There were the names of eighty-one legal voters of the precinct signed to the petition. The record shows that at the last preceding election, 246 votes were polled in said precinct. Twenty-five dollars was tendered with the petition, to pay the expenses of the election. No exception or objections were filed to the petition, and the county judge having prejudged the case arbitrarily refused to order the election, and now refuses to obey the mandate of the circuit court.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 2554, 2559, 2563; Southerland on Stat. Construction, sec. 459; Endlich on Int. of Statutes, sec. 431; McCrary on Elections, sec. 225; Ky., Elec. Law, secs. 28, 30; Nail, &c. v. Tinsley, &c., 21 R., 1167; Tousey v. DeHevy, 62, S. W., 1118; Sweeney v. Coulter, 22 R., 885.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On July 22, 1901, at the regular term of the Fleming county court, a petition was filed, purporting to be signed by 81 citizens and legal voters of the Flemingsburg precinct of Fleming county, seeking the submission to the peo-

ple of the district the question whether the local prohibitory law in force in the county should become inoperative in that precinct. The county judge at the next term refused to order the election. Appellees then filed this action in the Fleming circuit court to obtain a mandamus against the county judge, requiring him to make the order. He demurred to the petition; his demurrer was overruled; he then filed an answer; the plaintiffs demurred to the answer; their demurrer was sustained; and, he declining to plead further, judgment was entered granting the mandamus as prayed, and from this judgment he appeals.

The answer of the county judge, in substance, averred that when the application was made to him it was not shown that the signers to the petition were legal voters in the precinct, or that they had signed the petition, or authorized their names put to it, or that the number of signers was equal to 25 per cent. of the votes cast in the precinct at the last preceding general election. He alleged that he heard the application, and determined it according to his judgment, and overruled the motion because the evidence did not warrant the making of the order. In the petition which was presented to the county judge it was stated that the signers were legal voters of the precinct, but the facts were not stated showing that they were entitled to vote. There was no showing in the record anywhere that the number of signers was equal to 25 per cent. of the votes cast in the precinct at the last preceding general election, and there was no showing as to the genuineness of the signatures. The statute under which the proceeding was had is as follows (Kentucky Statutes, sec. 2554): "Upon application, by written petition, signed by a number of legal voters in each precinct of the territory to be affected, equal to twenty-five per cent. of the votes cast in each of said pre-

cincts at the last preceding general election, and when for town or city elections, the number of votes cast at the last city or town election, it shall be the duty of the judge of the county court in such county, at the next regular term there- of after receiving said petition, to make an order on his order book directing an election to be held in the said coun- ty, city, town, district or precinct, as the case may be, on some day named in said petition, not earlier than sixty days after said application is lodged with the judge of said court, which order shall direct the sheriff, or other officer of the said county, who may be appointed to hold said election, to open a poll at each and all of the voting places in said county, city, town, district or precinct on said date, for the purpose of taking the sense of the legal voters of said coun- ty, city, town, district or precinct who are qualified to vote at elections for county officers, upon the proposition wheth- er or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or whether or not any prohibi- tion law in force in any county, city, town, district or pre- cinct, by virtue of any general or special act or acts, shall become inoperative; and counties, cities, towns, districts and precincts in which the sale, barter or loan of spirituous, vinous or malt liquors are now prohibited may have a vote thereon under the provisions of this act." It is insisted for appellees that it was the duty of the county judge to make the order when the petition was presented, and if it turned out that the signers were not legal voters, in number equal to 25 per cent. of the votes cast in the precinct at the last general election, the election would be void, and that this would be ground for setting it aside, but was no ground for the county judge's refusing to make the order. We do not think the statute means this. The election can not be held without the order of the county judge. The purpose

is not to have the question submitted unless qualified voters, equal in number to 25 per cent. of the legal votes at the last general election, desire it; and it was not contemplated that there should be the expense and trouble of an election before the jurisdictional facts warranting the county judge in making the order were made to appear to him. It is a special proceeding, and the jurisdictional facts should have been established before the county judge would have been warranted in making the order. It was not necessary that the petition should show that the signers to the petition were in fact legal voters,—that is, the facts as to their residence in the county or precinct need not be shown in the petition; and it was not necessary for the petition to show that the signers were equal in number to 25 per cent. of the votes cast in the precinct at the last preceding general election, but these facts should have been made to appear before the county judge on the hearing of the motion, and the genuineness of their signatures should also have been shown. Until this was done, he was not authorized to make the order, and the mandamus against him was therefore improperly awarded. Blair v. McCann 23 R., 1226, (64 S. W., 984).

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the answer, and for further proceedings consistent herewith.