CASE 36—ACTION BY J. B. BLACKBURN AGAINST R. C. WELCH.—May 6, 1910.

## Blackburn v, Welch.

Appeal from Powell Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1   Elections—Petition—Statutory   Requirements—Failure   to Comply—Effect—"Designate."—Ky. St. section 1453, regulating primary elections, provides that the county clerk shall print on the respective ballots the names of any candidates for office when petitioned by electors qualified to vote for such candidates as follows: For an officer of any division less than a county 20 petitioners, but no petitioner shall be

counted unless his residence and post-office address be designated, etc. Held, that of the sufficiency of the petition the clerk is the judge; hence, where a petition faued to comply with the statute literally in not giving the post-office address of some of the signers, the omission would not invalidate the election in the absence of any charge of fraud or wrongdoing, where the clerk possessed this information to his entire satisfaction, since the word "designate" means to mark out and make known; to point out; to name; to show; and, if the petitioners' residences and post-office addresses were made known, indicated, shown, or pointed out to the clerk in such a way as to satisfy him, the ends of the law are met.

2. Elections—Primary Elections— Regulation—Statute — Construction.—That portion of Ky. St. Section 1453, regulating primary elections, providing that the petition must be signed by 20 citizens of the district to be effected by the election, is mandatory.

3. Elections—Statute Regulating—Construction.—That portion of Ky. St. section 1453, regulating primary elections providing that, before the names of the petitioners presented shall be counted, their residence and post-office address shall be designated, is directory merely, and not mandatory.

JOHN D. ATKINSON for appellant.

C. F. SPENCER for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The parties to this litigation were rival candidates for the office of police judge for the town of Stanton at the November election, 1909. Appellee received a majority of the votes cast, and was awarded the certificate of election by the board of election commissioners. On November 12th following appellant instituted this suit, contesting appellee's right to the office. The chief ground of complaint is that there was no sufficient petition filed with the county clerk to authorize him to place appellee's name on the ballot. Appellee answered, and pleaded substantially

that more than 15 days before said election there had been filed with said clerk a petition, signed by more than twenty legal voters of said town, who stated that they desired to have an opportunity to vote for appellee for police judge; that said petition stated, further, that appellee was qualified to fill the office; that they, the signers of the petition, were citizens of the town and desired to vote for appellee; that the postoffice address of several of said signers was given, and the postoffice address of others, though not given, was known to the clerk; and that the clerk accepted said petition in the form in which it was presented to him and without objection caused appellee's name to be placed on the ballot. A demurrer was filed to this answer and overruled, whereupon appellant declined to plead further, and his petition was dismissed. He appeals.

The single question raised is: May a defeated candidate contest the right of his successful opponent to hold the office on the ground that the petition upon which the name of his opponent was placed upon the ballot was not drawn in strict conformity to the statute. The statute under consideration is section 1453 Ky. St., and so much thereof as is applicable is as follows: "The county clerk of each county shall cause to be printed on the respective ballots * * * the names of any candidates for any office, when petitioned to do so by electors qualified to vote for such candidate, as follows: * * * For an officer of a precinct, or any other ward, or other division less than a county, twenty petitioners. The signatures of such petition need not be appended to one paper, but no petitioner shall be counted except his residence and postoffice address be designated. Such petition shall state the name and residence of

each of such candidates; that he is legally qualified
to hold such office; that the subscribers desire, and
are legally qualified, to vote for such candidate; and
shall designate a brief name or title of the party
or principle which such candidates represent,together
with any simple figure or device by which they shall
be designated on the ballot.'' The petition failed
to comply with the statute literally, in that it did
not give the postoffice address of some of the signers.
It is set up in the answer that all of the signers are
citizens of and legal voters in the town of Stanton,
and that Stanton was their postoffice address, and
this was known to the county clerk, so that, while
the petition when considered alone was not as full
and explicit as it should have been, still, when sup-
plemented by the personal knowledge of the clerk,
it did, in fact, meet every requirement of the law.
Stanton is a town of the sixth class.  The petition
states that the signers are citizens of the town and
qualified to vote therein, and the demurrer to the an-
swer admits that the clerk knew that each got his
mail at the postoffice located in said town.  The stat-
utory requirement that the postoffice address of the
signers be given was for the evident purpose of en-
abling the clerk to identify the  petitioners.  This
partial omission should not be allowed to invalidate
the election and defeat the clearly expressed will of
the people in the absence of any charge of fraud or
wrongdoing.  All statutory enactments relating to
elections are had with a view of protecting the ballot
and ascertaining the will of the people.  The petition
of nomination is required in the interests of good
government, no one being permitted to become a can-
didate before the people of a town or subdivision
of a county who is not recommended by at least 20

of his neighbors who are entitled to vote. It is of primary importance that the petition possesses the requisite number of signers, and that the signers possess the qualifications set forth in the statute. The petition must further state that the person whose candidacy the signers are launching is qualified to fill the office for which they desire him to run. It was evidently the legislative purpose that no one should be permitted to run for office who could not secure a recommendation of this character. Of the sufficiency of the petition the clerk is the judge. At least 20 persons possessing the statutory qualifications must have subscribed their names thereto before it can be considered by the clerk, and, before any names subscribed thereto can be counted, the residence and postoffice address of such must be designated. How must this be done? By setting them out at length in the petition, or by any means satisfactory to the clerk? The former plan would be the one naturally and usually adopted because most convenient, but it is by no means certain that it would be the most satisfactory or accurate. Webster definies the word "designate" to "mark out and make known; to point out; to name; to indicate; to show;" so that, if the petitioners' residences and postoffice addresses were made known, indicated, shown, or pointed out to the clerk in such a way as to satisfy him, the ends of the law were met. It is admitted in the case at bar that the clerk possessed this information to his entire satisfaction, and he accordingly had appellee's name placed on the ballot as directed.

Now, suppose the petition had been signed by persons known to the clerk to live outside the town of Stanton, and therefore having no right to vote for

appellee or in said election for police judge, would such a petition, though formally complying with every requisite of the statute, have satisfied the ends of law, and justified the clerk in placing appellee's name upon the ballot? Certainly not, because the name and postoffice address of the signers, though actually given, would be known by the clerk to be untrue, and, where such a state of facts existed, the clerk would be warranted in refusing to accept the petition, as failing to meet the requirements of the law. It is substance, not form, that satisfies the ends of justice and the law.

Here it is admitted that the signers of the nominating petition possessed all of the requisite qualifications, and yet, because a part of the evidence required to satisfy the clerk as to their identification is furnished by other means than the petition itself, it is urged that the entire election should be invalidated and the will of the people overthrown. Such certainly could not have been the intention of the Legislature, and it would be placing upon the language of the statute a strained and harsh construction to so hold. A question similar in principle was before 'this court in the case of Hollon v. Center, etc., 102 Ky. 119, 43 S. W. 174. In that suit the county clerk of Wolfe county was refusing to have placed upon the ballot the names of certain persons claiming to be the Democratic nominees for various offices to be filled in said county at the regular November election. The ground upon which the clerk based his refusal was that the certificate of nomination tendered him had not in all respects been made out as the law directed, and particularly that the certificate of the officers signing same did not show their respective places of residence, and said cer-

tificate was not acknowledged before some officer duly authorized to administer oaths. It was admitted that it was known to the clerk that the persons who signed the certificate as chairman and secretary were in fact the chairman and secretary of the Democratic committee of Wolfe county, and that the candidates each resided in Wolfe county. In holding the certificate sufficient, this court said: "He (the clerk) did not refuse to put their names on the ballots because he was unaware of their regular nomination, but upon the sole ground the certificates did not conform to the formal requirement of the statutes. Therefore, as the two sections relate not to the vital and ultimate matter of securing fair and free election of officers by the voters at large, and of ascertaining the correct result thereof, but to the preliminary matter of ascertaining and determining who have been nominated or selected by various political parties as proper candidates, generally dependent upon persons unlearned of the law, we think the maxim should apply that what is alleged and admitted or not denied should be taken as established. It thus results that, knowing the two persons assuming to be chairman and secretary of the county committee were in fact such, it was the duty of the clerk, in the absence of contest or dispute by others, to give the same credit to the statements contained in the certificates as they would have been entitled to if the required acknowledgment had been made before the officer authorized to administer oaths." The object of the statute is two fold: To safeguard the rights of those entitled to have their names placed upon the ballot, and to protect the public from being imposed upon by those whose candidacy is not properly vouched for. Certain provisions thereof are mandatory, and

as to such the clerk has no discretion whatever. Other provisions are not mandatory, but are, from the very necessity of things, intended to give to the clerk the exercise of a sound discretion in their execution. Of the former class is the requisite that the petition must be signed by 20 citizens of the district to be affected by the election. Of the latter is the requirement that, before the names presented shall be counted, their residence and postoffice address shall be designated.

The petition, when construed in the light of the answer, which is admitted to be true, is not open to the criticisms made of it by counsel for appellant. The answer presented a good defense, and the trial court correctly held the demurrer thereto not well taken.

Judgment affirmed.