# Lorenz v. Buckrop et al.

(Decided Oct. 24, 1933.)

W. G. DEARING for appellant.

CLEM W. HUGGINS and FRANK COYLE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Walter J. Lorenz, at the August primary, 1933, was nominated by the Republican Party for the office of constable in the First justice's district of Jefferson county, Ky. The certificate of nomination was awarded him by the county election commission. On September 22, 1933, he filed his certificate of nomination with the clerk of the Jefferson county court. In accordance with section 1453, Ky. Statutes, Walter J. Buckrop on the 23d of September, 1933, filed in the office of the clerk of the Jefferson county court, a petition signed by thirty-six individuals proposing his name as an independent candidate for constable of the First justice's district

of Jefferson county. This action was filed by Lorenz (under the Declaratory Judgment Act [section 639a—1, Civ. Code Prac.]), stating these facts and further charging that Buckrop's petition was insufficient in that it did not contain the names and post office addresses of twenty petitioners, and that it did not designate their residences and post office addresses. He sought a declaration of his and Buckrop's rights, and an order enjoining the clerk from placing the latter's name on the ballot as an independent candidate for the office of constable in the First justice's district of Jefferson county. He lost in the circuit court and is here asking a reversal.

A copy of the petition signed by the petitioners asking that Buckrop's name be placed on the ballot is presented as a part of the record. An examination of it discloses that it contains the statement that "the undersigned, regularly qualified voters and residents of the first magisterial district of Jefferson county, Kentucky." Below this are the names of the petitionerss, the number, and name of the streets of each of them. The first name appearing on it is "Mark H. Gabhart, 125 N. Keats, Lou Ky." Immediately below the name and address of Gabhart are the names of the other petitioners, their street number, and the name of their streets, without a ditto below the words, "Lou Ky." The names and addresses as they appear in the petition must be read in connection with the statement in the petition declaring they were "voters and residents of the first magisterial district of Jefferson county, Ky." When this is done, it cannot be doubted that any person of ordinary intelligence is thereby informed that the petitioners were residents of First magisterial district of Jefferson county and that their post office addresses were the numbers and streets given opposite their respective names Lou(isville), Ky. The purpose of section 1453 was stated in Skidmore v. Hurst, 113 Ky. 694, 68 S. W. 841, 24 Ky. Law Rep. 536; Blackburn v. Welch, 138 Ky. 267, 127 S. W. 991; and Ison v. Weddle, 226 Ky. 201, 10 S. W. (2d) 814. It is unnecessary to consider these cases to correctly dispose of the issue presented in this case. The circuit court was of the opinion that the petition substantially fulfilled the requirements of the statute; in this we concur.

Judgment affirmed.