### Renfro v. Hamlin, Sheriff.
(Decided Nov. 9, 1934.)

W. R. HENRY for appellant.

J. B. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On October 1, 1934, the county judge of Whitley county, Ky., in accordance with a petition for that purpose which had been regularly and duly filed before him, ordered an election to be held on Saturday, December 8, 1934, to take the sense of the voters of Whitley county as to whether or not the sale, barter, or loan of spirituous, vinous, or intoxicating malt liquors should be prohibited in Whitley county, the prohibition to include such sale, barter, or loan by dispensaries, hotels, restaurants, or clubs. The county judge in calling this election did so pursuant to article 8 of chapter 146 of the Acts of 1934, now section 2554b-80 et seq. of the 1934 Supplement to Carroll's Kentucky Statutes. The sheriff doubting the right of the county judge to call this election, this suit was filed under the Declaratory Judgment Act (Civil Code Prac. sec. 639a-1 et seq.) for a decision of that question. The lower court held that this chapter 146 of the Acts of 1934, known as the Kentucky Alcoholic Control Act, now section 2554b-1 et seq. of the 1934 Supplement to Carroll's Kentucky Statutes, and of which article 8 covering local option elections is a part, was unconstitutional, and upheld the contention of the sheriff that the election should not take place on December 8, 1934. From that judgment this appeal is prosecuted.

Article 8 of chapter 146 of the Acts of 1934 seems to have been copied almost verbatim from the local

option laws which prevailed in this state prior to the adoption of our prohibition amendment to the state Constitution, now section 226a of that instrument. Many of the provisions of this article 8 are hopelessly obsolete and hopelessly incapable of being put into effect today. These local option laws, from which article 8 of chapter 146 of the Acts of 1934 was copied, were passed pursuant to the provision of section 61 of the Constitution, which reads:

> "The general assembly shall, by general law, provide a means whereby the sense of the people of any county, city, town, district or precinct may be taken, as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or the sale thereof regulated. But nothing herein shall be construed to interfere with or to repeal any law in force relating to the sale or gift of such liquors. All elections on this question may be held on a day other than the regular election days."

It will be noted that this section provides that these local option elections may be held on a day other than the regular election day in November. The local option laws to which we have referred, as well as article 8 of chapter 146, provide for the holding of these local option elections on days other than the regular election day in November. Section 226a of the Constitution, adopted in November, 1919, reads:

> "After June 30, 1920, the manufacture, sale or transportation of spirituous, vinous, malt or other intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes, in the commonwealth of Kentucky, is hereby prohibited. All sections or parts thereof of the constitution, insofar as they may be inconsistent with this section, are hereby repealed and nullified. The general assembly shall enforce this section by appropriate legislation."

It will be observed that this section provides that all sections or parts thereof of the Constitution in so far as they may be inconsistent with this section 226a are repealed and nullified by this latter section. Section 61 of the Constitution commanding the General Assembly to provide by law means whereby the people of the respective localities therein set out could determine

whether liquor should be sold therein or not is, of course, in conflict with this section 226a forbidding such sale except for sacramental, medicinal, scientific, or mechanical purposes. This being so, section 61 of the Constitution was repealed by section 226a of that instrument. It may be mentioned in passing that by chapter 58 of the Acts of 1934 the Legislature has submitted to the people of this state the question whether or not section 226a of the Constitution shall be repealed and this section 61 re-enacted. In the case of Ginsburg v. Giles, 254 Ky. 720, 72 S. W. (2d) 438, we held that section 148 of the Constitution forbade the holding of any election on a day other than the regular election day in each year except where the Constitution specifically authorizes the holding of an election on a day other than such regular election day, and we defined an election to include the decision of questions submitted to the voters as well as the choice of officers by them. As the only provision authorizing the holding of a local option election on a day other than a regular election day is to be found in section 61 of the Constitution, and inasmuch as that section was repealed by the adoption of section 226a of the Constitution, it follows that, conceding arguendo the right of the Legislature even in the absence of section 61 of the Constitution to pass a local option law authorizing the prohibition of the sale of intoxicating liquors even for the purposes authorized by section 226a of the Constitution, yet it could not provide that an election to determine such question should be held on a day other than a regular election day. The instant election being called for a day other than the regular election day, the court rightly held that the sheriff was correct in his contention that it could not be held on that day. It was not necessary for the trial court to pass on the constitutionality of chapter 146 of the Acts of 1934, and we expressly refrain from so doing in this opinion, and there is no binding declaration of rights of the parties as to such question. We do hold that the county court could not call this election for December 8, 1934. As thus modified by this opinion, the judgment of the lower court is affirmed.

Whole court sitting.