# Skaggs et al. v. Fyffe, Judge.

(Decided Nov. 24, 1936.)

(Rehearing Denied Dec. 8, 1936.)

338

CLYDE L. MILLER for appellants.

CHESLEY A. LYCAN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Obedient to the requirements of section 61 of the Constitution, which was re-adopted in place of the Seventh or State-Wide Prohibition Amendment at the 1935 election, the General Assembly at its 1936 session enacted a statute providing a means whereby the sense of the people of any county, city, town, district, or precinct may be taken as to whether or not intoxicating liquor shall be dispensed therein. Chapter 1, Acts 1936, section 2554c-1 et seq., Kentucky Statutes. It is made the duty of the county judge to order such an election upon the filing of an application therefor in the county court signed by a number of legal voters in any of the specified units equal to 25 per cent. of the votes cast therein at the last preceding general election.

Section 3 of the act (Ky. Stats. sec. 2554c-3) provides, in part:

"Said petition, in addition to the subscription of the name of the voter, shall state his postoffice address and the correct date upon which same was signed."

We are called upon to decide whether this provision is mandatory or directory.

The purpose of this suit by two taxpayers against the county judge of Lawrence county is to enjoin the holding of a local option election under the foregoing statute upon the ground that the application therefor is fatally defective because a number of subscriptions to the petition do not show either the date on which same were made or the post office address of the subscriber. It is charged that when those names are disregarded or stricken, the petition does not contain the number of signatures of legal voters required by the statute. Only the allegation as to the invalidity of the petition on that

account is challenged. It is averred, and not controverted, that the petition shows all of the signers to be voters of Lawrence county. The circuit court held the provisions of the statute to be directory, hence that the omission of the dates and addresses was not that of a jurisdictional requirement, and adjudged the application for the election to contain signatures greater in number than 25 per cent. of the legal voters of the county at the preceding general election. The injunction or writ of prohibition against the county judge was therefore refused. From that judgment this appeal is prosecuted.

A proceeding not following a mandatory provision of a statute is rendered illegal and void, while an omission to observe or failure to conform to a directory provision is not. In Varney v. Justice, 86 Ky. 596, 600, 6 S. W. 457, 459, 9 Ky. Law Rep. 743, the court said:

"By the term 'directory' it is meant that the statute gives directions which ought to be followed; but the power given is not so limited by the directions that it cannot be exercised without following the directions given. In other words, if the directions given by the statute to accomplish a given end are violated, but the given end is in fact accomplished, without affecting the real merits of the case, then the statute is to be regarded as directory merely."

Whether a statute is to be deemed directory or mandatory depends, not on form, but on the legislative intent, which is to be ascertained by interpretation from consideration of the entire act, its nature and object, and the consequence of construction one way or the other. If the provision relates to some immaterial matter, not reaching the substance, or not of the essence of the thing to be done, and by an omission to observe it the rights of those interested will not be prejudiced—as where compliance is a matter of convenience or the directions are given merely with a view to securing proper, orderly, or prompt procedure—it is generally regarded as but directory. Of course, the term "mandatory" embraces the converse character of provisions, which are conditions precedent. Lancaster v. Hamon, 153 Ky. 686, 156 S. W. 142; McCreary v. Speer, 156 Ky. 783, 162 S. W. 99; Gollar v. City of Louisville, 187 Ky. 448, 219 S. W. 421; Hays' Ex'x v. Burns, 216 Ky. 827, 288 S. W. 764; Davidson v. Board of Education, 225 Ky. 165, 7 S. W. (2d) 1056.

Provisions of election laws are all mandatory in the sense that they impose the duty of obedience on those who come within their purview, but it does not follow that every slight departure therefrom should vitiate the whole proceeding. If a statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, but does not declare or indicate that their performance is essential to the validity of the election, they will be regarded as directory if they do not affect the actual merits of the election. And under the recognized principle of statutory construction that laws are to be liberally construed when necessary to reach a substantially correct result, to that end their provisions will, to every reasonable extent, be treated as directory rather than mandatory. 25 R. C. L. 772; Ferguson v. Gregory, 216 Ky. 382, 287 S. W. 952.

In determining the nature of the statutory provision, the use of the word "shall" with reference to some requirements (as in the statute under present consideration) is usually indicative that it is mandatory, but it will not be so regarded if the legislative intention appears otherwise. Thus, section 4307 of the Statutes, relating to elections on bond issues, provides that the county court "shall at the regular term thereof, after receiving said petition, make an order on his order book directing an election to be held in said county on some day named in said petition not earlier than sixty days after said application is lodged with the judge of said court." In construing that provision in Horning v. Fiscal Court of Caldwell County, 187 Ky. 87, 218 S. W 989, 992, where the order called an election on a day other than that named in the petition, the court said:

"An essential thing to the validity of an election held under the statute supra, is that the petition shall be subscribed by 150 legal voters who are freeholders, and that the order be made at a regular term of the county court, and these are mandatory, because they are prerequisites to jurisdiction to order the election. It is likewise essential to the validity of such an election that it be not held earlier than 60 days after the application is made, and that it be advertised for 30 days theretofore in order to give notice to the persons affected by such an election of the time and place of its holding and the time and opportunity to consider their interests

in connection with it and their duty in reference to it in the protection and advancement of their rights and interests. These provisions are, without doubt, mandatory, and, unless strictly complied with, would render the election without effect. The provision providing that the election be ordered to be held 'on some day named in the petition' could only be a provision for orderly procedure. * * * Hence we conclude that the direction in the statute with regard to fixing the date for the election, except after the time required by the statute, is not mandatory, but directory, and if the election was otherwise legally held, the fact that the county court ordered the election to be held upon a day other than the one named in the petition, but on the third day theretofore, did not render the election invalid, and the demurrer was properly overruled."

See, also, Ferguson v. Gregory, supra.

The provisions of the local option law in the particular under examination can be, as to the address, only for the purpose of readily or conveniently identifying the petitioners as being of the class having the right to apply for the holding of the election, and, as to the date on which signed, only to show that it was done when they were so qualified, or, perhaps, to disclose that it was signed before the filing of the petition. That would seem to be merely to afford convenience in ascertaining the real or substantial thing, to wit, the qualification. That is of the essence, hence mandatory. A statement of the particular place of residence in the territory is not. The statute does not say the subscriber himself shall write in his address or the date of signing, but merely that the petition shall state those things. If an erroneous address be given, it would be equivalent, for the purpose of the act, to no address. What difference would it make in accomplishing the purpose of the statute if the application gave a petitioner's wrong street address so long as he was a qualified voter in the territory affected? Often in the country the name of one's voting precinct is not that of his post office address. It is said in brief before us that some citizens of Lawrence county receive mail on a rural delivery out of a West Virginia post office.

No election can be held under the act sooner than sixty days after the order calling it has been entered,

although only two weeks' publication of the election is required. Provision is made for eliminating names put on the petition without authority. The time allowed between the order for and the advertising of the election, and, as well, the holding of it, was obviously to permit identification and to give opportunity for a purging of forged names, or of disqualified persons.

True interpretation of a statute consists in making in all the particular cases a just application of that which has been before decided, directly or analogously. The former local option law did not provide that the addresses of the petitioners or the dates upon which they severally signed the application should appear. But we have a similar statutory provision, relating to the nomination of candidates for office by petition, which has come before us several times for interpretation in respect of being mandatory or directory. It is section 1453.

In prescribing the form and manner of proceeding, including the character of petition necessary, the statute declares:

"The signatures of such petition need not be appended to one paper, but no petitioner shall be counted except his residence and post office address be designated."

In Skidmore v. Hurst, 113 Ky. 694, 68 S. W. 841, 842, 24 Ky. Law Rep. 536, it was sought to compel the county clerk of Harlan county to place Hurst's name on the ballot as a candidate for county judge, his nominating petition having been filed with him. Although the case was decided and an injunction refused upon another ground, it was said in the opinion, after stating that there was no designation of the post office address of twenty-four of the one hundred voters whose names appeared on the petition:

"The statute is peremptory, and under it the petition presented by Hurst was insufficient, as it was not signed by 100 petitioners who could be counted."

The case of Blackburn v. Welch, 138 Ky. 267, 127 S. W. 991, 992, was a contest of the election of a police judge upon the sole ground that the petition by which the contestee's name had been placed on the ballot was fatally defective. It was admitted by the pleadings that the nominating petition was signed by more than the

requisite number of legal voters; that the signers were citizens of the town; that the post office address of several of them was given and the address of the others, though not given, was known to the clerk; and that the clerk had accepted the petition without objection and caused the candidate's name to be placed on the ballot. The court said:

> "The statutory requirement that the post-office address of the signers be given was for the evident purpose of enabling the clerk to identify the petitioners. This partial omission should not be allowed to invalidate the election and defeat the clearly expressed will of the people in the absence of any charge of fraud or wrongdoing. All statutory enactments relating to elections are had with a view of protecting the ballot and ascertaining the will of the people."

It was observed that the clerk is the judge of the sufficiency of the petition, and as it appeared he was in possession of satisfactory information as to the identity of the voters and their requisite qualification, it was said that it would be a "strained and harsh construction" of the statute to say that it was the intenion of the Legislature that the election should be invalidated. Upon further reasoning, and the authority of Hollon v. Center, 102 Ky. 119, 43 S. W. 174, 19 Ky. Law Rep. 1134, the court held the provision to be directory and not mandatory. Construing the nominating petition in the light of the admission of the clerk's knowledge, it was declared to be sufficient.

These two cases were distinguished in Combs v. Dixon, 215 Ky. 566, 286 S. W. 797. The sufficiency of the petition to place the name of a candidate for county judge of Letcher county was involved. The heading of the nominating petition did not recite that the subscribers were citizens or residents of Leslie county. There was no averment that the county clerk had any information concerning the residence or post office address of any of the signers other than that furnished him by the nominating petition itself, and the qualifications of those signers was specifically put in issue. No proof was submitted to show that they were residents of the county or qualified voters, or that the county clerk who received the petition knew any of those facts. It was accordingly held that the Skidmore Case and not the Blackburn Case.

controlled, and the names of those whose citizenship or address was not given should not be counted.

In Clark v. Nash, 192 Ky. 594, 234 S. W. 1, 19 A. L. R. 304, and Ison v. Weddle, 226 Ky. 201, 10 S. W. (2d) 814, certain requirements of nominating petitions under section 1453 are declared to be mandatory, but that relating to the address of the signers was not involved, or at least not declared to be mandatory in either case. The form or manner of designation of the address was considered in Eversole v. Craft, 216 Ky. 500, 287 S. W. 965, and Lorenz v. Buckrop, 251 Ky. 1, 64 S. W. (2d) 168, and held to be sufficient.

The conclusion of the three cases directly construing the terms of section 1453 was to interpret the provision that no signers to a nominating petition "shall be counted except his residence and post office address be designated" as being that if the petition discloses the petitioners to be residents of the unit of government involved and to have the right to vote in the election to be held, it will be deemed prima facie sufficient. This is particularly so if the clerk charged with the duty of accepting or passing upon the same is satisfied.

Now, in this local option statute the provision is not that the names shall not be counted. It is only that the address shall be stated. Here it is not the county clerk, who ordinarily is a purely ministerial officer, but the judge of the county court, acting in a judicial capacity, who is charged with passing upon the validity and sufficiency of the petition. So much the more, then, is it a logical interpretation of the legislative intent that this shall be regarded as directory only. Fortifying this construction is the expression in section 30 of the act (section 2554c-30, Statutes) that, "No trick, device, subterfuge, or pretense shall be allowed to evade the operation or defeat the purpose of this law." A departure from some direction of a statute which in its nature and effect cannot injure any one or operate to defeat or interfere with the purpose of the act cannot be regarded as having been in the mind of the Legislature a mandatory condition. It is the fact of residence that is essential. Not merely the address. The voice as to the former is heard as a peremptory command; as to the latter, as a convenient direction. As was stated in Blackburn v. Welch, supra: "It is substance, not form, that satisfies the ends of justice and the law."

The former local option statute did not stipulate that the post office addresses of the petitioners should be stated and it permitted withdrawal of signatures after the petition was filed. The present act, as we have stated, provides that no name may be withdrawn after the petition shall have been filed, but the court, upon proof, may purge unauthorized signatures. The appellants point to these changes and invoke the rule of statutory construction that where a statute is amended or re-enacted in different language, it will be presumed that the change was intentional and made to effect a purpose; hence must be regarded as significant and material. Louisville & N. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039; Eversole v. Eversole, 169 Ky. 793, 185 S. W. 487, L. R. A. 1916E, 593. The influence of that rule cannot apply with the force submitted, that the stipulation as to addresses must be declared to be mandatory. Indeed, it is not applicable. The act of 1936 was not an amendment or a repeal and re-enactment of any pre-existing statute. It is a new law. The former local option statute was rendered obsolete, if not repealed, in 1920 by the enactment enforcing the prohibition amendment. Renfro v. Hamlin, 256 Ky. 192, 75 S. W. (2d) 1067. Sixteen years had elapsed since that time, and it seems to us the cited rule of presumptions in aid of construction is not operative.

If the electorate equal at least to 25 per cent. of a given territory shall ask in the manner prescribed by the statute for a local option election, the county judge is bound to order it. But he may refuse to do so until reasonably satisfied that the requisite number of legal voters have joined in the petition. If he is satisfied with the petition prima facie, or has knowledge, without hearing evidence, that the signatures and petitioners are what and whom they purport to be, and constitute the required per cent. of the voters, he is authorized to order the election. It was so held specifically in Wyatt v. Ryan, 113 Ky. 306, 68 S. W. 134, 24 Ky. Law Rep. 228, and Howard v. Stanfill, 102 S. W. 831, 31 Ky. Law Rep. 207; McAuliffe v. Helm, 157 Ky. 626, 163 S. W. 1091.

Therefore, the provisions of the statute that the post office address and date of signature of the petitioners shall be stated are interpreted as being directory, although their qualification as voters of the territory involved is, of course, mandatory because jurisdictional.

The provision ought to be observed in the interest of orderly procedure and to enable the county judge or any interested citizen to identify the petitioners conveniently.

The petition or application in the case at bar stated that all the signers were legal voters of Lawrence county. It is nowhere alleged that those whose addresses are omitted are not residents of the county. Hence the circuit court properly refused to enjoin the county judge from calling the election, or otherwise to hold the proceeding invalid.

The judgment is affirmed.

Whole court sitting.