Lori A. HOFFMAN, Movant,

v.

**Louis I. WATERMAN; Bobbie Holsclaw, in her official capacities as Jefferson County Clerk and Chairperson of the Jefferson County Board of Elections; Trey Greyson, in his official capacities as Secretary of State of the Commonwealth of Kentucky and Chairman of the State Board of Elections of the Commonwealth of Kentucky and Dolly Wisman Berry, Respondents.**

No. 2004–CA–001231–I.

Court of Appeals of Kentucky.

July 23, 2004.

---

Samuel Manly, Louisville, KY, for Movant.

Sheryl G. Snyder, Amy D. Cubbage, Frost Brown Todd LLC, Louisville, KY, for Respondent Louis I. Waterman.

Teddy B. Gordon, Michael L. Boylan, Louisville, KY, for Intervenor/Respondent Dolly Wisman Berry.

Gregory D. Stumbo, Kentucky Attorney General, D. Brent Irvin, Assistant Attorney General, Frankfort, Kentucky, for Respondent Trey Grayson.

Before BARBER, BUCKINGHAM and TAYLOR, Judges.

## OPINION AND ORDER

TAYLOR, Judge.

Lori A. Hoffman brings this motion to set aside the June 15, 2004, Opinion and Order of the Jefferson Circuit Court pursuant to Kentucky Revised Statutes (KRS) 118.176(4). We deny the motion and affirm the circuit court.

Hoffman is a registered voter of the 30th Judicial Circuit. Hoffman commenced this action in the circuit court on Monday, May 17, 2004, at 4:40 p.m., by filing a motion seeking to disqualify Louis A. Waterman as a candidate for nomination to the Office of Judge of the 30th Judicial Circuit, 9th Division. The primary election was to commence at 6:00 a.m. on the following day, Tuesday, May 18, 2004.

The circuit court's order denying Hoffman's motion and dismissing the action

was entered on June 15, 2004. Pursuant to KRS 118.176(4), on June 22, 2004, Hoffman filed this motion to set aside the order of the circuit court.

The sole issue in this appeal centers upon whether Waterman's petition of nomination for the Office of Judge of the 30th Judicial Circuit, 9th Division, is fatally defective under KRS 118A.060(2) and (3). A thorough analysis of the applicable statute is thus required. Subsection (2) of KRS 118A.060 states in part:

> Each candidate for nomination shall file a petition for nomination.... The petition shall be sworn to before an officer authorized to administer an oath by the candidate and by not less than two (2) registered voters from the district or circuit from which he seeks nomination.

Subsection (3) states in part:

> The petition for nomination shall be in the form prescribed by the State Board of Elections. The petition shall include a declaration sworn to by the candidate, that he or she possesses all the constitutional and statutory requirements of the office for which the candidate has filed.

■ Subsection (2) clearly requires the petition to be sworn to by the candidate and not less than two registered voters. Subsection (3) requires, by its plain language, the candidate to swear that he meets the requirements for the office. We do not believe the statute should be interpreted as requiring the registered voters to also swear that the candidate meets the requirements of the office. Such interpretation is inconsistent with the language of subsection (3) and does not reflect a liberal interpretation in favor of allowing the candidate (Waterman) to continue on the ballot under these circumstances. *See Heler-*

*inger v. Brown,* Ky., 104 S.W.3d 397 (2003) (holding that election laws should be liberally interpreted so as to allow the candidate to stand for election). Rather, we interpret subsection (2) as merely requiring the voters to swear that they are registered voters in that circuit and interpret subsection (3) as requiring only the candidate to swear that he meets the requirements of the office.

Additionally, we view subsection (2) as containing both mandatory and directory provisions. *See Skaggs v. Fyffe,* 266 Ky. 337, 98 S.W.2d 884 (1936) (holding that failure to follow mandatory provision of statute renders the act void, whereas failure to follow directory provision does not). We believe the legislature clearly intended for at least two registered voters to sign the petition and also intended that the failure to do so would be fatal. The reasoning behind such a mandatory provision is to ensure that the voters who sign a petition are eligible to vote for that candidate. However, we believe the provision requiring the voters to be sworn before an officer authorized to administer an oath to be merely directory. *See Skaggs v. Fyffe,* 266 Ky. 337, 98 S.W.2d 884 (recognizing the rule of statutory interpretation that laws are to be liberally construed so as to reach a substantially correct result and the court should, to every reasonable extent, interpret such provisions as directory rather than mandatory). Indeed, such provision of subsection (2) was designed to ensure the voters were registered to vote for the candidate.[1] Simply put, the provision merely exists as a method of verifying the registration of the voters in that circuit.

■ We view the rule of interpretation enunciated in *Varney v. Justice,* 86 Ky. 596, 6 S.W. 457, 459 (1888) as instructive:

---

1. We point out that KRS 118A.060 does not require the registered voter to give the address of his or her residence. Likewise, the form prescribed by the State Board of Elec-

tions does not require the resident address, but does require an affirmative statement that he/she is a registered voter of the circuit in which the candidate seeks nomination.

In other words, if the directions given by the statute to accomplish a given end are violated, but the given end is in fact accomplished, without affecting the real merits of the case, then the statute is to be regarded as directory merely.

See also, Arnett v. Sullivan, 279 Ky. 720, 132 S.W.2d 76 (1939); Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884. As to KRS 118A.060, the objective of subsection (2) is that at least two registered voters sign the petition, and the method of ensuring this objective is to swear to same before an officer authorized to administer an oath.

■ In this case, the undisputed facts indicate the registered voters who signed Waterman's petition did not swear before an officer authorized to administer an oath. Additionally, the registered voters did not sign the petition in the presence of such an officer. However, each of the voters is registered to vote in that circuit. More importantly, each voter subsequently swore to signing the petition and to being registered to vote in the circuit where Waterman is a candidate.

As each voter is, in fact, registered to vote in the circuit, we are of the opinion the petition complied with the mandatory provision of KRS 118A.060(2)—that at least two registered voters sign the petition. We also conclude that the failure of each voter to swear to the fact of being registered and their failure to sign the petition in the presence of an officer constitutes mere technical violations of a directory provision of KRS 118A.060(3). We do not view the technical violations of the directory provision of KRS 118A.060(2) to be fatal to the petition. See Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884. As such, we hold Waterman's petition to be valid.

■ In reaching this decision, we are mindful that 12,303 voters in Jefferson County cast ballots in favor of Waterman in the primary election. To now remove Waterman from the ballot for technical violations of KRS 118A.060 would deny the voters of Jefferson County a choice in the general election. In this Commonwealth, there exists a strong public policy "in favor of broad voter participation" in elections, thus requiring any doubt in statutory interpretation to "be resolved in favor of allowing the candidacy to continue." Heleringer v. Brown, 104 S.W.3d at 403.

Upon this point, Justice Stumbo's concurring opinion in Heleringer provides poignant elucidation:

To, at this point in the process, eliminate a choice from consideration in the Republican primary, would clearly have more than a theoretical effect on the voters. Their contributions, physical labor, even their absentee ballot, if already cast, would be rendered a nullity. To lose a vote because your candidate is defeated is one thing; to lose a vote because a candidacy is voided due to technical reasons is another entirely. The effect would be real and must be acknowledged, just as our predecessor court acknowledged the rights of the voters in cases in which a candidacy has been challenged. In Queenan v. Mimms, Ky., 283 S.W.2d 380, 382 (1955), it was noted that: "It is a fundamental principal that the courts will construe election statutes liberally in favor of the citizens whose right to choose their public officers is challenged. Greene v. Slusher, 300 Ky., 715, 190 S.W.2d 29 (1945)." The right of the qualified voter to cast an effective vote is among our most precious freedoms.

Heleringer, 104 S.W.3d at 404–405.

For the foregoing reasons, we affirm the Opinion and Order of the Jefferson Circuit

Court holding Louis I. Waterman's Petition for Nomination VALID.

NOW THEREFORE be it ORDERED that *Lori A. Hoffman's Motion Under KRS 118.176(4) To Set Aside Final Judgment* and Order of the Jefferson Circuit Court be and it is hereby DENIED.

ALL CONCUR.