RENDERED: JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0123-MR

MALLOY OIL, LLC AND DENNIS J.
MALLOY, JR.                                                      APPELLANTS


                    APPEAL FROM HENDERSON CIRCUIT COURT
v.                  HONORABLE KAREN L. WILSON, JUDGE
                    ACTION NO. 21-CI-00202


KENTUCKY LABOR CABINET,
DEPARTMENT OF WORKPLACE
STANDARDS                                                         APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE: Malloy Oil, LLC ("Malloy") and Dennis Malloy appeal the

Henderson Circuit Court's order affirming the Kentucky Labor Secretary's final

order requiring Malloy to pay minimum wage and overtime amounts to Lawrence

Malloy.

We find that the final order failed to set forth sufficient findings to explain the deviation from the hearing officer's recommended findings as required under Kentucky statute. Thus, we reverse the Henderson Circuit Court's order and remand with directions to remand the case to the Secretary to make findings of fact and conclusions of law sufficient for appellate review under Kentucky Revised Statute ("KRS") 13B.120.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2016, Lawrence filed a complaint against Malloy and Dennis with the Kentucky Labor Cabinet (the "Cabinet"), alleging unpaid wages. Lawrence and his two brothers, Dennis, and Thomas Malloy ("Thomas") had formed Malloy as a Kentucky limited liability company on December 5, 2013.

Thomas sold his one-third interest to Lawrence and Dennis on or about June 18, 2015. Subsequently, on February 24, 2016, Lawrence sold his fifty percent share of Malloy to Dennis, leaving Dennis as the company's sole owner. The Kentucky Secretary of State administratively dissolved Malloy on October 1, 2016.

At the initial organizational meeting in 2013, the Malloy brothers agreed that Lawrence would handle the company's day-to-day operations and receive a $4,000 monthly salary. However, soon after Malloy's formation, the record reflects that it encountered financial hardships. To alleviate some of the

financial burdens, Lawrence agreed to defer his salary until Malloy had the money to pay him. He received his first paycheck in April 2014, including all the amounts he was owed at that time. Malloy timely paid Lawrence's salary until November 2014, bringing his total paid wages to $40,000.

However, in November 2014, Malloy entered another period of financial hardship. Again, Lawrence offered, and the brothers agreed, to defer his salary until there was adequate money to pay. Unfortunately, the company never reached a position where it could pay before it was dissolved. Consequently, Malloy did not pay Lawrence any other amounts after the initial $40,000.

In his complaint with the Cabinet, Lawrence alleged Malloy owed him a remaining $63,310.34. The Cabinet investigated Lawrence's claim, determined that Malloy owed Lawrence the amounts alleged, and issued a Notice of Violation and demand letter to Malloy on January 23, 2017.

Malloy requested an administrative hearing under KRS Chapter 13B, which was held on May 20, 2019. On December 6, 2019, the Hearing Officer issued Findings of Fact, Conclusions of Law, and Recommended Order (the "Recommended Order") in favor of Dennis and Malloy. Specifically, the Hearing Officer concluded that the Cabinet should not impose a civil penalty or obligation of restitution on either Malloy or Dennis in his individual capacity.

After reviewing the evidence in the case, the Secretary subsequently issued a Final Order on February 5, 2021 (the "Final Order"), which affirmed in part, and reversed in part, the Recommended Order. The Secretary determined the evidence showed that Lawrence had waived part of his salary, but Malloy still owed him $20,126 for the period of November 1, 2014, through February 24, 2016, because the law did not allow an employee to contractually waive any minimum wages and overtime earned by that employee. The Secretary also determined that Malloy and Dennis were jointly and severally liable for the amounts owed pursuant to KRS 337.010 and KRS 337.055.

On March 22, 2021, Dennis and Malloy filed an appeal in Henderson Circuit Court. The circuit court entered an order affirming the Final Order. After the circuit court denied their motion to alter, amend, or vacate, Malloy and Dennis filed this appeal.

## ANALYSIS

### a. Standard of Review

In reviewing an administrative action, "this Court generally confines its review to: (1) whether the findings of fact are supported by substantial evidence of probative value; and (2) whether the administrative agency applied the correct rule of law to the facts." *Ford Contracting, Inc. v. Kentucky Transp. Cabinet*, 429 S.W.3d 397, 406 (Ky. App. 2014). Here, where the circuit court

upheld the administrative decision, we must determine whether the circuit court's findings are clearly erroneous, keeping in mind that "[t]he circuit court's role as an appellate court is to review the administrative decision, not to reinterpret or to reconsider the merits of the claim, nor to substitute its judgment for that of the agency as to the weight of the evidence." *500 Associates, Inc. v. Nat. Res. and Environmental Protection Cabinet*, 204 S.W.3d 121, 131 (Ky. App. 2006) (footnote omitted).

Lastly, we must review whether the administrative action was arbitrary and whether the administrative agency acted properly within its delegated powers. *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, 379 S.W.2d 450, 456 (Ky. 1964).

### b. Discussion

Malloy first argues that the Cabinet's Secretary failed to timely issue the Final Order under KRS 13B.120(4)(b) and is therefore void. KRS 13B.120(4) states in relevant part, "the agency head shall render a final order in an administrative hearing within ninety (90) days after . . . [t]he hearing officer submits a recommended order to the agency head, unless the matter is remanded to the hearing officer for further proceedings." The Cabinet concedes the Final Order was not issued within ninety (90) days but argues that is not a fatal flaw because the deadline is merely directory and does not require strict compliance.

In Kentucky, failing to comply with a "directory" – as opposed to a "mandatory" – statutory provision is harmless error. *Knox County v. Hammons*, 129 S.W.3d 839, 842-43 (Ky. 2004). As stated by our Supreme Court, "[t]his determination is vital because [a] proceeding not following a mandatory provision of a statute is rendered illegal and void, while an omission to observe or failure to conform to a directory provision is not." *Id*. at 843 (internal quotation marks and citation omitted).

When determining whether a statute is directory or mandatory, "if the directions given by the statute to accomplish a given end are violated, but the given end is in fact accomplished, without affecting the real merits of the case, then the statute is to be regarded as directory merely." *Varney v. Justice*, 86 Ky. 596, 6 S.W. 457, 459 (1888). The *Fyffe* Court reiterated that:

> [If a statutory] provision relates to some immaterial matter, not reaching the substance, or not of the essence of the thing to be done, and by an omission to observe it the rights of those interested will not be prejudiced – as where compliance is a matter of convenience or the directions are given merely with a view to securing proper, orderly, or prompt procedure - it is generally regarded as but directory.

*Skaggs v. Fyffe*, 266 Ky. 337, 98 S.W.2d 884, 886 (1936).

Significantly, the administrative hearing procedures outlined in KRS Chapter 13B do not specify a consequence for an agency's failure to issue a final order within ninety (90) days, signaling that the timeframe is directory and not

-6-

mandatory. Moreover, the Final Order in this case was not void because it accomplished the intended end of issuing the agency's final order without affecting the case's merits. The timeline for issuing final orders stated in KRS 13B.120 is merely directory and not mandatory; therefore, Malloy's argument for voiding the Final Order is without merit.

We next address the issue of whether the final order violates the requirements of KRS 13B.120. KRS 13B.120 empowers the "agency head" – in this case, the Secretary – to accept, modify, or reject, in whole or part, the Hearing Officer's recommended order when entering a final order. If rejected or modified, KRS 13B.120(3) mandates that the final order "shall include separate statements of findings of fact and conclusions of law."

Our Court has explained the separate findings of fact and conclusions of law mandate of KRS 13B.120(3). In *Cabinet for Health and Family Services v. RiverValley Behavioral Health*, 465 S.W.3d 460, 468 (Ky. App. 2014), the Court of Appeals stated that, while the final order need not "refute every finding of fact and conclusion of law made in the recommended order," it must "articulate a rationale for departing from the recommendation which is sufficient to explain the reasons for the deviation and to allow meaningful appellate review." *Id*.

In this case, the Final Order included one sentence whereby it imposed a $20,126 judgment against Malloy and Dennis, stating that minimum

-7-

wage and overtime earned cannot be waived under *Metro Louisville/Jefferson County Government v. Abma*, 326 S.W.3d 1, 9-10 (Ky. App. 2009). However, Kentucky's minimum wage law applies only to "employees." *See* KRS 337.275; *see also* KRS 337.285 and *City of Louisville, Div. of Fire v. Fire Service Managers Ass'n ex rel. Kaelin*, 212 S.W.3d 89, 100 (Ky. 2006) ("supervisory, salaried personnel [are] not entitled to time-and-a-half overtime pay under KRS 337.285.").

In discussing Lawrence's status, the Hearing Officer found that Lawrence "was an owner of the company, a manager, and an employee, all three." The Final Order did not specifically state that it was reversing this finding, and the definition of "employee" under KRS 337.010(2)(a)2. specifically exempts "[a]ny individual employed in a bona fide executive, administrative, supervisory, or professional capacity[.]"

Nothing in the Final Order indicated that Lawrence was a non-exempt statutory employee under KRS 337.010(2)(2)2. In fact, from November 2014 to February 2016, Lawrence was the only person managing, operating, and supervising Malloy. The record reflects that he had Malloy's checkbook and paid the company's bills. Thus, we find the Secretary's rationale for imposing the $20,126 judgment insufficient "to explain the reasons for the deviation[.]" *RiverValley Behavioral Health*, 465 S.W.3d at 468.

Additionally, the Final Order found Dennis and Malloy jointly and severally liable for the amounts under KRS 337.055, which requires an employer to pay an employee all wages or salary earned by that employee. Similarly, the Final Order included no findings that Dennis was an "employer" but merely cited to KRS 337.010. However, KRS 337.010 contains ten different definitions broken down into multiple sub-paragraphs. Nowhere in the Final Order does the Secretary detail which definition he was referring to and, in fact, never uses the word "employer" once. Thus, we find the Secretary's rationale for the imposition of joint and several liability on Malloy and Dennis insufficient "to explain the reasons for the deviation." *RiverValley Behavioral Health*, 465 S.W.3d at 468.

## CONCLUSION

For the foregoing reasons, we reverse the Henderson Circuit Court's order and remand with directions to further remand the case to the Secretary to make findings of fact and conclusions of law sufficient for appellate review under KRS 13B.120. Particularly, we emphasize the importance of determining Lawrence's status as an "employee" and Dennis Malloy's status as an "employer" under the applicable statutes.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christopher Hopgood
Henderson, Kentucky

Daniel W. Sherman
Valparaiso, Indiana

BRIEF FOR APPELLEE:

James Leif Sanders
Susan Lee Draper
Frankfort, Kentucky