**Sherry BOWEN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, ex rel. Michael A. STIDHAM, Commonwealth's Attorney, Appellee.**

No. 94–SC–173–TG.

Supreme Court of Kentucky.

Oct. 27, 1994.

Charles R. Coy, Richmond, for appellant.

Chris Gorman, Atty. Gen., Frankfort, Richard L. Fain, Stanton, Michael A. Stidham, Commonwealth Atty., Jackson, for appellee.

STEPHENS, Chief Justice.

The issue we decide in this appeal is whether Kentucky Constitution, Sec. 103, KRS 62.050 and KRS 62.055, all of which state that a county clerk, before taking office *shall* post bond, are mandatory in nature. To state it another way, is "substantial compliance" with these provisions sufficient? We believe that the word "shall" means just that and that the elective clerk must post the required bond *before* assuming the duties of office. We therefore affirm the ruling of the trial court.

Appellant, Sherry Bowen, the incumbent county clerk of Powell County, was reelected to that office in the November, 1993 general election. She took her oath of office for the new term on January 3, 1994. She did not post her required fidelity bond prior to being sworn in. Bowen applied for the bond on January 25, 1994, more than three weeks after assuming the duties of the office. A bond was issued "early in February" of 1994 but was not approved by the Powell County Judge–Executive. The premium for the bond was submitted to the Powell Fiscal Court on February 18, 1994, but was not paid. The bond, as filed, is pre-dated and purports to be effective as of January 3, 1994.

At the instance of the Powell County Judge–Executive, appellee filed this action in the Powell Circuit Court, seeking an injunction preventing Bowen from acting as county clerk and for an order declaring the office of the county clerk to be vacant. On February 24, 1994, the Special Circuit Judge entered an order granting the relief sought. On February 28, 1994, the judge entered an amended order, which with some added language (not relevant here) affirms his previous order.

Following an appeal to the Court of Appeals by Bowen and upon her motion for a temporary stay of the trial court's order, that Court by a 2–1 vote, denied the stay. Upon motion, the case was transferred to this Court. On March 18, 1994, this Court denied Bowen's motion for a stay of the trial court's order and passed the case to the merits.

Appellant argues that although she did not post the bond prior to assuming her duties, her later action in filing a pre-dated bond amounts to substantial compliance with the statutory mandates. She does not mention the requirement of Kentucky Constitution, Sec. 103. She also argues that an adverse ruling that requires strict compliance with the statutes will affect many other public officials who are similarly situated and that such a ruling will thwart the citizens of Powell County who elected her to office in 1993.

Appellee counters that the Constitution, as well as the statutes, are mandatory in nature and that in such case, there is no such thing as "substantial compliance" with regard to the enforcement of the statutes.

The Kentucky Constitution, Sec. 103 is clearly the genesis of KRS 62.050, 62.055 and 62.990. It provides:

"The Judges of County Courts, *Clerks,* Sheriffs, Surveyors, Coroners, Jailers, Constables, and such other officers as the General Assembly may, from time to time, require, *shall before they enter upon the duties of their respective offices* ... give such bond and security as may be prescribed by law." (emphasis added).

Our General Assembly, following this constitutional directive, enacted what is now identified as KRS 62.050.

"Bonds, when to be given—(1) No officer required by law to give bond *shall enter upon the duties of his office until he gives the bond.*

(2) Each person elected to an office who is required to give bond *shall give the bond on or before the day the term of office to which he has been elected begins."* (emphasis added).

KRS 62.055 specifically sets out the requirement of bond for county clerks.

"Bonds of county clerk—(1) *Every county clerk, before entering on the duties of his office, shall execute bond to the Commonwealth* ..." (emphasis added).

KRS 62.990 is the penalty section. It is as follows:

"Penalties—(1) Any person who violates ... subsection (1) of KRS 62.050 shall be fined not less than fifty (50) nor more than one hundred dollars ($100) *and removed from office by the judgment of conviction."*

It cannot be doubted that the framers of our Constitution directed in Section 103 that certain named elected officers and others designated by the General Assembly must post fidelity bonds, before they take office. The unequivocal language of Sec. 103 shows that:

1) the named officers *shall* file such a bond, and

2) the bond *shall* be filed before they begin their duties.

Both the requirement of filing a bond *and* filing it before they take office are couched in clear, plain, mandatory language.

Our General Assembly followed this mandate. In KRS 62.050(1) and (2), it is directed that the bond shall be posted before that person assumes the duties of his office. *Twice* in the same statute, the legislature has stated its mandate, viz., the officer must post the bond and must post it before the officer assumes the duties of the office.

In KRS 62.055(1), for a third time and specifically referring to county clerks, the General Assembly states that before entering on the duties of county clerk, said clerk shall post the required bond. As if the Constitution, KRS 62.050 and KRS 62.055 were not sufficient to put the office holder on notice, the penalty section of KRS Chapter 62 authorizes the imposition of a criminal fine and automatic removal from office upon conviction.

In the face of this, Bowen cites the case of *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986) as authority to apply the doctrine of substantial compliance to the Constitution and all three cited statutes. In that case, we adopted a change from "the policy of strict compliance with rules of procedure regarding appeals" to a new policy of substantial compliance as set out in CR 73.02(2). *Ready* simply interprets a new rule involving this particular appeals procedure, and by judicial fiat adopts a liberal policy of interpretation that leads to the salutary result of not dismissing litigants from court for technical violations of our rules of procedure. The lesson of *Ready* is clearly not applicable to the case at bar, which involves the interpretation of the Constitution as well as statutes rather than procedural rules.

Bowen also argues that KRS 446.080 is applicable. It reads as follows:

"Liberal Construction ..." (1) All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature ...

(4) All words and phrases shall be construed according to the common and approved usage of language ...

It is argued that the statutorily mandated "liberal" construction requires that there be "substantial compliance" therewith and that the pre-dated bond gives the requisite protection to the public. We do not agree.

First, the directions of the Constitution and statutes are obvious. There is no equivocation or lack of clarity in the wording. The meaning is simply that a bond shall be posted before the officer assumes his duties. There is no room for interpretation here. Moreover, KRS 446.080(4) states that all words shall be construed "according to the common and approved usage of language." "Shall" means shall. "[B]efore the officer assumes the duties of the office" means just that. We believe that KRS 446.080 further corroborates our interpretation of the Constitution and these statutes. See, for example, *Fayette County Education Association v. Hardy,* Ky.App., 626 S.W.2d 217 (1980). See also, *Bailey v. Reeves,* Ky., 662 S.W.2d 832 (1984).

"We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion ... A legislature making no exceptions to the positive terms of a statute is presumed to have intended to make none." *Id.* at p. 834.

Finally, as to Bowen's argument that the people of Powell County have elected her and that a contrary decision of this Court would deprive those good citizens of their elected choice, we can only respond that the Constitution of Kentucky and the statutes of Kentucky which have been enacted by the by the people's duly elected representatives have clearly set up a requirement with which Bowen failed to comply. Because of *her* action or failure to act, pursuant to directions which she is presumed to know, she was not constitutionally or statutorily qualified to serve.

The decision of the trial court is affirmed.

LAMBERT, REYNOLDS, SPAIN, WINTERSHEIMER, JJ., and Special Justice BURKE, concur.

LEIBSON, J., concurs in result only.

STUMBO, J., not sitting.

LEIBSON, J., files a separate concurring opinion in which LAMBERT, J., joins.

LEIBSON, Justice, concurring.

Respectfully, I concur in results only.

I conclude the mandatory language requiring the county clerk to give bond, found in Section 103 of the Kentucky Constitution and the statutes pertaining thereto, must be applied with a reasonable latitude; that if there is a reasonable explanation for noncompliance, the rules of constitutional and statutory interpretation do not require automatic and immediate forfeiture of the office simply because bond was not given before the date for taking office.

Unfortunately, even if this Court were to adopt a standard of reasonable compliance, it would not help this appellant, Sherry Bowen. She failed to reasonably comply.

LAMBERT, J., joins.