**COMMONWEALTH of Kentucky ex rel. Michael A. STIDHAM (Commonwealth's Attorney), Appellant,**

v.

**Nim HENSON, Appellee.**

No. 94–SC–262–TG.

Supreme Court of Kentucky.

Oct. 27, 1994.

Rehearing Denied Dec. 22, 1994.

Chris Gorman, Atty. Gen., Frankfort, Michael A. Stidham, Commonwealth Atty., Jackson, for appellant.

Ned B. Pillersdorf, Prestonsburg, for appellee.

STEPHENS, Chief Justice.

This case involves the same constitutional and statutory issues involved in the case of *Sherry Bowen v. Commonwealth of Kentucky, Ex Rel Michael A. Stidham, Commonwealth's Attorney,* Supreme Court No. 94–173–TG, decided on October 27, 1994, 887 S.W.2d 350. For the reasons expressed in that case, we reverse in this case as well.

Appellee was elected County Judge Executive of Breathitt County in November of 1993. On January 3, 1994, he was administered his oath of office. He did not present his bond for approval of sureties to the Circuit Judge on or before taking his oath of office or assuming the duties of his office. Nor did he execute his bond before the Circuit Court Clerk before taking his oath or before assuming his duties.

On January 7, 1994, he filed the bond with the County Clerk. On February 25, 1994, appellee still had not executed the bond before the Circuit Court Clerk or had his sureties approved by the Circuit Judge.

Appellant filed this action, similar to the one in the *Bowen* case, *supra.* The Special Circuit Court Judge dismissed the action and denied the relief, declaring that Henson had substantially complied with the county judge-executive bonding required by KRS 67.720.

It is clear from the record that Henson did not comply with the unambiguous and unequivocal requirements of our Constitution, Section 103, KRS 62.050 and KRS 67.720.

While this decision and the *Bowen* decision may seem harsh, failure to comply with clear constitutional and statutory requirements dictates the result in this case as was the case in *Bowen.*

For the reasons set forth in *Bowen, supra,* the judgment of the trial court is reversed, and the circuit court is directed to enter an order in compliance with this decision.

REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents and files a separate dissenting opinion.

Special Justice PORTER dissents and joins in this dissenting opinion.

LEIBSON, J., dissents in a separate dissenting opinion in which LAMBERT, J., joins.

LAMBERT, Justice, dissenting.

With blind deference to consistency and for no reason other than its refusal to distinguish this case from *Bowen v. Commonwealth,* 94–SC–173–TG, 887 S.W.2d 350 (decided herewith), the majority has invalidated the election of Henson as Breathitt County Judge/Executive, thereby thwarting the will of the people and denying them the representative they elected.

The trial judge quite properly decided this case on the basis of substantial compliance, a doctrine deeply embedded in Kentucky law. Substantial compliance, of course, presupposes a failure of technical compliance but is applied to avoid a harsh and unjust result when a particular defect is trivial. The doctrine of substantial compliance was applied in *Webster County v. Vaughn,* Ky., 365 S.W.2d 109 (1963), in which a statute provided that the compensation of every county officer be fixed "not later than the first Monday in May in the year in which such officers are elected," and upon failure to do so, required that compensation be the same as for the preceding term. The fiscal court met on May 5, 1953, which was the *first Tuesday* of the

month. The Court identified the issue as whether being one day late in fixing salaries is too late according to the language of the statute. Holding that it was not, the Court articulated the principles which had long governed the use of substantial compliance in Kentucky as follows:

> There is no universal or inflexible rule by which directory provisions in statutes may in all circumstances be distinguished from those which are mandatory. Generally, the provision as to time is directory and not a limitation of authority. If there is a substantial compliance with the terms of the statute relating to time and mode so as to effectuate its purpose or accomplish the end and no harm results, the provision must be deemed directory and a slight variation, such as here existed, ought not to and does not invalidate the proceeding. (Citations omitted.)

*Id.* at 111. In a similar vein is *George v. Alcoholic Beverage Control Board,* Ky., 421 S.W.2d 569 (1967), which held that a statute must not be interpreted so as to bring about an absurd or unreasonable result and that in the process of interpretation, courts should look behind the strict wording of the statute to ascertain its purpose and the mischief it was designed to remedy.

In its findings of fact, conclusions of law and judgment, the trial court made a number of findings worthy of repetition here. First, it found that Henson's duties officially commenced on January 3, 1994, but due to inclement weather, Breathitt County offices were closed until January 7, 1994. Henson filed his performance bond on January 7 (but by its terms, the bond was retroactive to January 3, the day he took office). Thus, it appears that unless the performance bond had been put in place on or before January 3, Henson would have had no opportunity to comply with the statute until the day he did comply.

In its legal analysis, the trial court questioned the purpose served by the statute at issue and concluded that it was probably "a boilerplate copy" of those required of other elected officers (who handle money) such as treasurer and circuit clerk. The trial court

also questioned the absence of an amount for which the bond should be given, the method by which sureties should be approved, and the source and control of funds from which premiums should be paid, noting that an outgoing hostile administration might be reluctant to pay the insurance premiums in advance for the incoming administration. The court concluded that it should not disenfranchise the elected official "but also the voting citizens, for violation of a vague, poorly written statute with which it is almost impossible to strictly comply." The court speculated that a decision invalidating Henson's election might well set a precedent by which numerous other officeholders would be likewise disenfranchised with the result being chaos.

The "crime" of which Henson stands convicted and for which he and the citizens of Breathitt County shall be punished is failure to file a bond of dubious significance on or before the day his term commenced. If these facts (a four-day delay during a severe winter storm in which the filing office was closed) do not justify application of the doctrine of substantial compliance, I suggest it could never be applied. Contrary to what may appear, I trust this is not a judicial declaration of war on the electoral process, but will be a legal aberration which will not soon be repeated. Nevertheless, I am confident we have added a new weapon to the arsenal of Kentucky politicians. Henceforth their minions will commence a search of county clerks' offices across this Commonwealth to discover if their political opponents have complied with every jot and tittle of the statutes.

For these reasons, I dissent.

Special Justice JOHN V. PORTER, Jr., joins this dissenting opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

As stated in my Concurring Opinion in *Bowen v. Comm., Ex Rel. Stidham,* Ky., 887 S.W.2d 350 (to be rendered 10/27/94), I believe Section 103 of the Kentucky Constitution, and the statutes relating to the giving of bond by constitutional officers, while mandatory, should be interpreted using a standard of reasonable compliance, depending on the circumstances in each case.

Here the trial court dismissed the action seeking ouster of Breathitt County Judge Executive Nim Henson. The facts as found by the trial court in his order of dismissal are:

1) Nim Henson's duties as County Judge Executive officially commenced on January 3, 1994.

2) Due to inclement weather, the Breathitt County offices were closed until January 7, 1994.

3) On January 7, 1994, Henson filed his performance bond with the Breathitt County clerk.

4) Henson is a Republican, and the Commonwealth Attorney who seeks his ouster is the president of the local Democratic Party (the outgoing administration).

The trial court asks:

"[H]ow can a newly-elected judge, replacing an incumbent, get the lame duck administration to pay the premiums prior to his taking office? ... Alternatively, if the new administration must approve the payment of premiums, how can the first meeting be held without the county judge presiding? If the county judge is presiding, he has entered upon his duties, and the statute is automatically violated."

In dismissing the petition for ouster, the trial court cited *George v. ABC Bd.,* Ky.App., 421 S.W.2d 569 (1967): "a statute must not be interpreted so as to bring about an absurd or unreasonable result." Likewise the Kentucky Constitution should not be so interpreted.

Given the circumstances of this case, Henson should be held to have reasonably complied with the Constitution and the statutes. We should affirm the decision of the trial court dismissing the complaint seeking his ouster.

LAMBERT, J., joins.