KNOX COUNTY, Kentucky,
Appellant/Cross–
Appellee,

v.

George HAMMONS, Jack Davis, Jerry Strong and David Evans, Appellees/Cross–Appellants.

Nos. 2002–SC–0530–DG,
2002–SC–1080–DG.

Supreme Court of Kentucky.

March 18, 2004.

As Modified March 19, 2004.

Brent L. Caldwell, Jaron Paul Bland-ford, McBrayer, McGinnis, Leslie & Kirk-land, PLLC, Lexington, Counsel for Appellant/Cross–Appellee.

Guy E. Millward, Jr., Samuel Bracken Castle, Jr., Millward & Castle, PLLC, Barbourville, Counsel for Appellees/Cross–Appellants.

JOHNSTONE, Justice.

This action was originally brought by citizens and taxpayers of Knox County (collectively, the Appellees) seeking to set aside an occupational tax ordinance enacted by the Knox County Fiscal Court (Knox County). The Appellees challenged its validity on three grounds: (1) that it was vague and overbroad; (2) that it was enacted in violation of Kentucky's Open Meetings statutes; and (3) that Knox County failed to satisfy statutory requirements in publishing the proposed ordinance. The Knox County Circuit Court dismissed the matter, finding that the ordinance was not vague or overbroad, that no violation of Kentucky's Open Meetings statutes occurred, and that Knox County's substantial compliance in publishing the proposed ordinance satisfied applicable statutes. The Court of Appeals affirmed

the trial court as to the first two issues, but concluded that Knox County's substantial compliance with publishing requirements was not sufficient to satisfy applicable statutes. The Court of Appeals remanded the matter to the Knox Circuit Court with instructions to declare the ordinance invalid. This Court granted discretionary review as to the issues concerning Kentucky's Open Meetings statutes and violation of applicable publishing requirements. For the reasons set forth below, we affirm in part and reverse in part.

### Facts and Procedural History

This matter involves the validity of the Knox County Occupational Tax Ordinance (the Ordinance), which was passed by Knox County. The Ordinance was adopted in an effort to increase tax revenues, and authorized Knox County to collect an occupational tax. The Ordinance was drafted and read at two separate meetings of the Knox County Fiscal Court, and it is those readings that are at the center of this appeal.

The first reading of the Ordinance occurred at a regularly scheduled meeting of the Fiscal Court on September 28, 1999, at 10:00 a.m. On the agenda for the September 28 meeting was a performance review for the Knox County Sheriff. While the performance review was unrelated to the Ordinance, the Sheriff had previously publicly expressed his opposition to the Ordinance. Consequently, the meeting garnered considerable interest in the public, and the Knox County Judge/Executive moved the meeting from the fiscal court room to the larger Knox Circuit Court courtroom to accommodate the anticipated crowd.

As expected, a considerable crowd attended the meeting, nearly filling the Knox Circuit Court courtroom. The perform-ance review proved lengthy, and the Ordinance was ultimately read at 2:00 p.m., after a lunchtime break. Much of the crowd had dispersed and the attendance after lunch was considerably lower. The Ordinance was read, and public comments were heard. In fact, the sole issue discussed at the afternoon session was the Ordinance.

The second reading of the Ordinance occurred on October 8, 1999, at 10:00 a.m. An advertisement notifying the public of the special meeting and the nature of the Ordinance was published in the *Barbourville Mountain Advocate*. A flyer to the same effect was posted at the courthouse, and notice was provided to local radio station WCTT as well. It so happened that October 8 fell on the same day that the annual Daniel Boone Festival was being held in and around Barbourville's town square. Despite the festival and the attending crowds, the fiscal court scheduled the meeting in the Knox County Courthouse, which is located in the center of the Barbourville town square. The sole issue on the agenda was the Ordinance. Despite the festival, the fiscal court nonetheless anticipated a large crowd and again moved the meeting from the fiscal court room to the district courtroom. However even the district courtroom could not accommodate the crowd, and there were still some members of the public who were forced to remain in the hallway during the meeting. Thereafter, a vote was taken and the Ordinance was passed by the Knox Fiscal Court.

The Appellees challenged the Ordinance in the Knox Circuit Court, claiming that the Ordinance was invalid for three reasons: (1) it was vague and overbroad, (2) that it was passed in violation of Kentucky's Open Meetings Act, and (3) that Knox County failed to satisfy the notice and publishing requirements of KRS

67.077(2). The trial court entered a ruling in favor of Knox County, determining that the Ordinance was not vague and overbroad, that it was passed in compliance with the Open Meetings Act, and that the actions taken by Knox County in notifying the public of the proposed Ordinance were sufficient to satisfy KRS 67.077(2). The Appellees sought review by the Court of Appeals. The Court of Appeals affirmed the trial court's decision as to the issues of vagueness and overbreadth, and compliance with the Open Meetings Act. However, the Court of Appeals reversed the trial court with regard to the issue of violation of KRS 67.077(2), concluding that the statute required strict compliance, which Knox County failed to satisfy. The Court of Appeals remanded the matter to the Knox Circuit Court with instructions to declare the Ordinance invalid. This Court granted Knox County's motion for discretionary review as to the issue of compliance with KRS 67.077(2). Furthermore, the Appellees were granted discretionary review as to the violation of Kentucky's Open Meetings Act.

### Violation of KRS 67.077(2)

■ We first address whether the actions taken by Knox County in publishing the Ordinance and notifying the public were sufficient to satisfy the provisions of KRS 67.077(2). KRS 67.077(2) deals with publication requirements, and states in pertinent part:

> No county ordinance shall be passed until it has been published pursuant to KRS Chapter 424. Prior to passage, ordinances may be published by summary. Publication shall include the time, date, and place at which the county ordinance will be considered, and a place within the county where a copy of the

full text of the proposed ordinance is available for public inspection.

As permitted by this statute, Knox County published the Ordinance by summary. KRS 67.075(2) defines "summary" as a "concise written narrative covering the main points of any official statement, certified as to its accuracy by the fiscal court and written in a way calculated to inform the public clearly of its contents."

The Appellees allege that Knox County failed to certify the summary as to its accuracy, in violation of the requirements of KRS 67.075(2). It is admitted by Knox County that no formal certification was issued; in fact, Knox County Judge/Executive Gerald West, who authored the published summary, admitted in deposition that no certification was sought.[1] The Appellees assert that KRS 67.077(2) requires strict compliance, and the failure to publish a valid summary certified by the fiscal court renders the Ordinance invalid. The trial court disagreed, concluding that KRS 67.077(2) does not require strict compliance, and that Knox County's substantial compliance with the statute was sufficient. The Court of Appeals reversed the trial court, determining that the use of the word "shall" in KRS 67.077(2) mandates strict compliance. The Court of Appeals held that, by its failure to certify the summary, Knox County did not strictly comply with the statute and therefore, the Ordinance is invalid. After thorough review, we opine that KRS 67.077(2) does not require strict compliance and, therefore, Knox County did not pass the Ordinance in violation of KRS 67.077(2).

■ In order to determine whether strict compliance or substantial compliance is sufficient to satisfy a statutory provision, it first must be determined whether the applicable provision is mandatory or direc-

---

1. Deposition of Judge/Executive Gerald West, Q216 and Q219.

tory. This determination is vital because "[a] proceeding not following a mandatory provision of a statute is rendered illegal and void, while an omission to observe or failure to conform to a directory provision is not." *Skaggs v. Fyffe,* 266 Ky. 337, 98 S.W.2d 884, 886 (1936). In considering whether the provision is mandatory or directory, we depend "not on form, but on the legislative intent, which is to be ascertained by interpretation from consideration of the entire act, its nature and object, and the consequence of construction one way or the other." In other words, "if the directions given by the statute to accomplish a given end are violated, but the given end is in fact accomplished, without affecting the real merits of the case, then the statute is to be regarded as directory merely." *Id.* at 886.

In the present matter, we conclude that KRS 67.077(2) is a directory provision. We do not agree with the Court of Appeals that the statute's use of the term "shall" automatically renders the provision mandatory. *Skaggs* belies this conclusion: "the use of the word 'shall' with reference to some requirements ... is usually indicative that it is mandatory, but it will not be so regarded if the legislative intention appears otherwise." *Id.* at 886.[2] The obvious intent of KRS 67.077(2) is to ensure that no county ordinance is passed in secret or without reasonable notice to the public. To effectuate this goal, the statute requires that the public be accurately informed of the time, date, and place for consideration of a proposed ordinance. Furthermore, by choosing to publish by summary, a county is required to construct a summary that accurately and sufficiently covers the main points of the

ordinance. It can only be assumed that certification by fiscal court is required to ensure that the published summary is not misleading and provides sufficient detail as to put the public on notice of the nature of the ordinance. We do not believe that the fiscal court's certification of the summary is *absolutely* necessary to accomplish the purpose of KRS 67.077(2), where the summary in fact accurately and sufficiently describes the ordinance. Even without following the precise directives of KRS 67.077(2) and KRS 67.075(2), a resulting ordinance may nonetheless satisfy the intent of the statutes and, therefore, the statute is directory.

Accordingly, having determined that KRS 67.077(2) is directory, substantial compliance may satisfy its provisions. The undisputed facts in the case reveal that Knox County substantially complied with KRS 67.077(2) and KRS 67.075(2). The summary was published in anticipation of the October 8 meeting in the *Barbourville Mountain Advocate,* the official newspaper of Knox County, and read as follows:

Public Notice

Occupational License Fee Tax Ordinance

Public Hearing

The Knox County Fiscal Court will hold a second reading on October 8, 1999, at 10:00 a.m. at the Knox County Courthouse of the proposed Occupational License Fee Tax Ordinance.

The Knox County Fiscal Court is proposing to enact and impose an Occupational License Fee Tax of 1% based on income and net profits derived from the exercise of activities necessary to carry

---

**2.** Like its predecessor, this Court has on numerous occasions determined a statute to be directory rather than mandatory, despite use of the term "shall" in the applicable provision. *See e.g., Conrad v. Lexington–Fayette Urban County Government,* Ky., 659 S.W.2d 190 (1983); *Webster County, Kentucky v. Vaughn,* Ky., 365 S.W.2d 109 (1963); *Queenan v. City of Louisville,* Ky., 313 Ky. 816, 233 S.W.2d 1010 (1950).

on business, trades, occupations and professions in Knox County, Kentucky with said tax to be paid in to the treasury of Knox County, Kentucky.

A copy of the adopted ordinance with full text is available for public inspection at the Office of the County Judge/Executive during normal business hours.

Gerald K. West

Knox County Judge/Executive

The publication plainly states the time and place of the special meeting, and the location at which the complete ordinance may be read, as required by KRS 67.077(2). Furthermore, the summary sufficiently covers the main points of the ordinance and clearly informs the public of its nature. The only provisions of the complete ordinance that were not included in the summary concern the method of collection and enforcement of the tax; these provisions cannot reasonably be considered "main points" of the ordinance. We conclude that this publication substantially complies with KRS 67.077(2) and, accordingly, the Ordinance is valid. That portion of the Court of Appeals' decision invalidating the Ordinance is therefore reversed.

### Violation of Kentucky's Open Meetings Act

 In a cross-appeal, the Appellees claim that Knox County violated Kentucky's Open Meetings Act in passing the Ordinance, and ask that the Ordinance be declared void. Specifically, the Appellees claim that Knox County passed the Ordinance in violation of KRS 61.820 and KRS 61.840 because the October 8 special meeting was held during the Daniel Boone Festival. The Appellees ask this Court to enjoin enforcement of the Ordinance to ensure that public business will not be conducted similarly in the future.

KRS 61.820 requires that "[a]ll meetings of all public agencies of this state, and any committees or subcommittees thereof, shall be held at specified times and places which are convenient to the public ...." KRS 61.840 mandates, in part, that "[a]ll agencies shall provide meeting room conditions which insofar as is feasible allow effective public observation of the public meetings." Finally, where KRS 61.820 is violated, KRS 61.848(5) provides that any resulting ordinance is voidable by a court of competent jurisdiction.

By scheduling the October 8 special meeting during the Daniel Boone Festival, the Appellees argue that Knox County did not conduct the meeting at a time or in a location that was "convenient to the public" and, consequently, the Ordinance should be invalidated. There is no doubt that the Daniel Boone Festival is a major event in Knox County attracting large crowds, and that the area surrounding the Knox County Courthouse is extremely congested during the festival week. The record reflects that available parking near the courthouse during the festival is virtually non-existent, and that it is inconvenient to maneuver through the festival area to reach the courthouse. Furthermore, the Appellees also claim that the special meeting violated KRS 61.840 because it did not allow "effective public observation" of the proceedings. It is undisputed that numerous citizens were not able to enter the crowded district courtroom and observed the proceedings from the hallway.

 We agree with both the trial court and the Court of Appeals that the Knox County Fiscal Court could have chosen a more convenient time for the special meeting, one that did not coincide with a busy county festival. Even if it was necessary to hold the special meeting during the Daniel Boone Festival, the fiscal court might have held the meeting at a location that was more convenient than the county courthouse, literally the epicenter of activi-

ty. However, Kentucky's Open Meetings Act does not impose upon government agencies the requirement to conduct business only in the *most* convenient locations at the *most* convenient times. The intent of the open meetings statutes is to ensure that government business is not conducted in secret, that the public is adequately notified of the time and nature of government proceedings, and that interested citizens be afforded the opportunity to participate in such proceedings. In short, the open meetings statutes are designed to prevent government bodies from conducting its business at such inconvenient times or locations as to effectively render public knowledge or participation impossible, not to require such agencies to seek out the most convenient time or location.

We cannot agree that Knox County conducted the October 8 special meeting in violation of either the letter or the spirit of Kentucky's Open Meetings statutes. While Friday of Daniel Boone Festival, or the Knox County district courtroom, might not have been the most convenient time and location to hold the meeting, it certainly was not an inconvenient time or location. The fact that a large number of citizens did attend proves this point. The special meeting was announced to the public, and there is nothing on the record to indicate that persons wishing to attend or participate in the proceeding were effectively prevented from doing so. Finding no violation of KRS 61.820 or KRS 61.840, we hereby affirm the holding of the Court of Appeals as to this issue.

## Conclusion

We conclude that KRS 67.077(2) is a directory provision, which may be satisfied by substantial compliance. We further conclude that Knox County's actions in publishing and advertising the Ordinance constituted substantial compliance, and

therefore the Ordinance is valid. That portion of the Court of Appeals' decision holding otherwise is hereby reversed. We also find that no violation of KRS 61.820 or 61.840 occurred, and we therefore affirm the Court of Appeals as to that issue.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in part and dissents in part by separate opinion.

WINTERSHEIMER, Justice, Concurring in Part and Dissenting in Part.

I must respectfully dissent from that part of the majority opinion which determines that KRS 67.077(2) is a directory provision which may be satisfied by substantial compliance, and that the publication and advertising of the ordinance was also substantial compliance. This matter should be remanded to the circuit court to declare that the occupational tax ordinance is invalid because it was passed at a meeting which violated KRS 67.077(2).

In this situation, publication is mandatory because the statute uses the word "shall." Accordingly, compliance with the conditions set forth in the statute must be strictly followed and enforced. Although the statute allows publication by summary, it is necessary that the publication of such a summary must also be in strict compliance. KRS 67.075(2) defines "summary" to mean a concise, written narrative covering the main points of any official statement which is certified as to its accuracy by the fiscal court, and written in such a way as to inform the public clearly of its contents. Here, the fiscal court did not certify the accuracy of the occupational tax ordinance. This fact was admitted by the judge/executive several times in his deposition. Thus, the fiscal court failed to fully comply with the strict compliance and mandatory requirements of the statute.

As noted by Justice Gus Thomas in *Arnett v. Sullivan*, 279 Ky. 720, 132 S.W.2d 76 (1939), there is "a vast difference between 'substantial' compliance and no compliance at all." The question of whether a statute is directory or mandatory has been litigated a number of times. *Arnett, supra,* states that the term "directory" means that the statute gives directions which ought to be followed, but the power given is not so limited by the directions that it cannot be exercised without following the directions. The statute is regarded as directory if the directions given accomplish an end without affecting the real merits of the case. *Arnett* concluded that constitutional provisions are never directory and always mandatory. There is no reason for not applying the same standard to the statutory requirements in this case because the requirements go to the very heart of representative government in this Commonwealth. This case involves the imposition of a tax and the opportunity of members of the public including taxpayers to discuss or protest or support. Proper compliance is essential to the validity of the notice to the public. *Cf. Skaggs v. Fyffe,* 266 Ky. 337, 98 S.W.2d 884 (1936).

KRS 446.080(4) states in part that "all words and phrases shall be construed according to the common and approved usage of language ..." Certainly, "shall" means shall. *Bowen v. Commonwealth, ex rel. Stidham,* Ky., 887 S.W.2d 350 (1994), states in part that we have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd result. *See also Bailey v. Reeves,* Ky., 662 S.W.2d 832 (1984).

Any summary as contemplated by this case must be certified as to its accuracy by the fiscal court and is a mandatory requirement because of the mandatory nature of the word "shall." Much of the jurisprudence and legal authorities cited by the fiscal court involve cases where there was at least some effort made to comply with the statutes. Here, the evidence is abundantly clear that no effort whatsoever was made to comply with the certification language contained in the statute. Clearly, the fiscal court has the legal authority to pass a valid occupational tax. However, in this case, the ordinance was evidently hastily enacted in such a way as to deprive the citizens and taxpayers and others affected to have an adequate and accurate notice as to the contents of the proposed ordinance.