RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1353-MR

SHELLY MATTINGLY $\qquad$ APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 19-CI-006069

JEWISH HOSPITAL AND ST. MARY'S
HEALTHCARE, INC., d/b/a FRAZIER
REHAB; AND LYNN CORYELL, PT, DPT      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND K. THOMPSON, JUDGES.[1]

MAZE, JUDGE: Shelly Mattingly (Mattingly) appeals from the September 21,

2021, order of the Jefferson Circuit Court dismissing her complaint. Following a

---

[1] Judge Irv Maze authored this Opinion prior to his retirement from the Court of Appeals. Judge Kelly Thompson concurred in part and dissented in part in this Opinion before his tenure with the Kentucky Court of Appeals expired on December 31, 2022. Release of this Opinion was delayed by administrative handling.

thorough review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In her complaint filed October 1, 2019, Mattingly asserted claims against Jewish Hospital and St. Mary's Healthcare, Inc., d/b/a Frazier Rehab (Frazier), and Lynn Coryell, PT, DPT (Coryell) for negligent treatment of Mattingly by Coryell while the latter was employed as a physical therapist at Frazier. Pursuant to CR[2] 12.02, Coryell and Frazier moved the trial court to dismiss the complaint based on Mattingly's failure to comply with KRS[3] 411.167 ("certificate of merit statute"). The issue was fully briefed, and her complaint was dismissed. Mattingly's subsequent motion to alter, amend, or vacate was denied by order entered October 21, 2021.

On appeal, Mattingly argues that the trial court erred in dismissing her complaint because the certificate of merit statute does not apply to physical therapists such as Coryell nor does it apply to her as an employee of Frazier. It is also Mattingly's position that the statute is inapplicable to vicarious liability claims against Frazier. Finally, she asserts that the certificate of merit statute only applies to *pro se* plaintiffs. Alternatively, she argues that even if the statute does apply, she has complied with its provisions by inserting in Paragraph VII of her

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Revised Statutes.

complaint, her counsel's "declaration" that her "action is meritorious although the negligence involved in this case likely does not require expert testimony."

As an initial matter, the Court notes that slightly different arguments were presented to the trial court. In her response to the motion to dismiss filed by Coryell and Frazier, Mattingly argued that the certificate of merit statute was inapplicable to physical therapists because they are not specifically enumerated in the statute. However, she also contended that Frazier is not a hospital but a rehabilitation center.

Mattingly's assertions that the certificate of merit statute is inapplicable to hospital employees and to vicarious liability claims were made in her subsequent motion to alter, amend, or vacate. As held in *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019), "there is no appeal from the denial of a CR 59.05 motion." Therefore, arguments which were only raised in Mattingly's motion to alter, amend, or vacate will not be considered on appeal.

**STANDARD OF REVIEW**

Statutory interpretation is an issue of law. *KL & JL Invs., Inc. v. Lynch*, 472 S.W.3d 540 (Ky. App. 2015). As such, the matter is subject to a *de novo* standard of review and requires no deference to the trial court's determination. *Cinelli v. Ward*, 997 S.W.2d 474 (Ky. App. 1998).

**ANALYSIS**

KRS 411.167(1) specifically states that its provisions apply to "[a] claimant commencing any action identified in KRS 413.140(1)(e),[4] or against a long-term-care facility as defined in KRS 216.510 . . . ." KRS 413.140(1)(e) does not list "physical therapists" as among the medical providers to which it applies. However, in *Evans v. Baptist Health Madisonville*, 643 S.W.3d 105 (Ky. App. 2022), the Court made clear that where hospital staff are alleged to have been negligent or to have engaged in malpractice while acting in the scope of their employment, the certificate of merit statute applies. Indeed, as the trial court stated there is "no reason to hold that the Legislature, in attempting to reduce frivolous malpractice lawsuits, would intend to protect the institution, but not its employees."

Further, the certificate of merit statute applies to Frazier, since this case involves a claim of "negligence" against a "hospital licensed pursuant to KRS 216 . . . ." KRS 216 is titled "Health Facilities and Services." In KRS 216.2920(6) a "[h]ospital" is defined as "a facility licensed pursuant to KRS Chapter 216B as either an acute-care hospital, psychiatric hospital, rehabilitation hospital, or

---

[4] "An action against a physician, surgeon, dentist, or hospital licensed pursuant to KRS 216, for negligence or malpractice . . . ."

chemical dependency treatment facility[.]" It is further defined in KRS

216B.015(13) as including:

> [H]ospitals, psychiatric hospitals, **physical rehabilitation hospitals**, chemical dependency programs, nursing facilities, nursing homes, personal care homes, intermediate care facilities, family care homes, outpatient clinics, ambulatory care facilities, ambulatory surgical centers, emergency care centers and services, ambulance providers, hospices, community mental health centers, home health agencies, kidney disease treatment centers and freestanding hemodialysis units, and others providing similarly organized services regardless of nomenclature . . . .

(Emphasis added.)

Mattingly, by filing an action alleging that Coryell negligently injured her during the scope of her employment as a physical therapist at Frazier, has become a "claimant" for purposes of the certificate of merit statute. However, she argues that she need not comply with its requirements, since it only applies to *pro se* litigants.

KRS 411.167(2)(a)-(c) sets forth three alternative methods of compliance, each of which requires the claimant to file an "affidavit or declaration" at the time the complaint is filed. First, the claimant may certify that she has consulted with at least one expert who has found that there is a "reasonable basis to commence the action . . . ." This means of compliance may be undertaken by the claimant *or* her counsel. If she cannot obtain such a consultation and the

-5-

statute of limitations is about to run, she may certify such and then supply the necessary affidavit/declaration within sixty days of the date on which the complaint was served. This portion of the statute is silent on the participation of counsel. Finally, if the claimant has made three attempts to consult with an expert and has been unable to do so, she may certify that fact, so long as none of the experts contacted had opined that the case had no "reasonable basis . . . ." Once again, this section provides for compliance by the claimant *or* her counsel.

As noted in *Jefferson County Board of Education v. Fell*, 391 S.W.3d 713, 718-19 (Ky. 2012), the primary goal of statutory interpretation is to determine the legislature's intent from the language employed. Indeed, "[t]he particular word, sentence or subsection under review must also be viewed in context rather than in a vacuum . . . ." Clearly, had the legislature intended to limit the duty to comply to only those individuals who were unrepresented by counsel, there would have been no necessity to use the qualifying phrase "or her counsel" in KRS 411.167(2)(a) and (c). This Court must conclude that the certificate of merit statute was intended to apply to litigants regardless of their representation.[5]

Finally, we turn to Mattingly's alternative argument, that she has, in fact, complied as provided in KRS 411.167(4) by providing "an affidavit or

---

[5] Another panel of this Court reached the same conclusion in *Sanchez v. McMillin*, No. 2020-CA-0052-MR, 2022 WL 981843 (Ky. App. Apr. 1, 2022), *discretionary review granted* (Oct. 12, 2022).

declaration" that no expert testimony is required. The distinction between the two types of statement is that the former is sworn, while the latter is not. Although counsel's unsworn statement in Paragraph VII of Mattingly's complaint could conceivably be deemed a declaration, it merely states that her claim is not "likely" to require expert proof. The statute requires an assertion that "no cause of action is asserted for which expert testimony is required." This Court cannot find such a minimal statement to constitute compliance.

Accordingly, we affirm the Jefferson Circuit Court's order of dismissal.

GOODWINE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN PART, DISSENTS IN PART, AND FILES A SEPARATE OPINION.

THOMPSON, K., JUDGE: Respectfully, I concur in part and dissent in part. I concur that Kentucky Revised Statutes (KRS) 411.167 applies to this situation even though physical therapists are not specifically mentioned in the statute, employees of hospitals have been construed to come under its provisions. I also concur that KRS 411.167 is not limited to only applying to *pro se* plaintiffs. However, I dissent in part because I believe it is premature to order the dismissal of this case prior to there being any decision made as to whether an expert witness is indeed required for Shelly Mattingly to prove her case. The dismissal of this

case, without the court first determining whether expert testimony was required, puts the cart before the horse.

KRS 411.167 generally requires that a certificate of merit be filed for certain medical malpractice actions. However, recognizing that not every medical malpractice action requires expert proof, the General Assembly provided an exception in KRS 411.167(4), which states:

> A certificate of merit is not required where the claimant intends to rely solely on one (1) or more causes of action for which expert testimony is not required, including claims of res ipsa loquitur and lack of informed consent, in which case the complaint shall be accompanied by an affidavit or declaration that no cause of action is asserted for which expert testimony is required.

Mattingly's complaint, which was signed by counsel, specifically states that "[t]he undersigned declares in accordance with KRS 411.167 that this action is meritorious although the negligence involved in this case likely does not require expert testimony."

The majority Opinion dismisses in a single paragraph Mattingly's alternative argument that if the statute applied to her action, she complied with it through an appropriate declaration. While acknowledging that the statement by counsel "could conceivably be deemed a declaration," it takes issue with Mattingly's use of the word "likely" and states this prevents her "minimal statement" from complying with the statute. I disagree.

-8-

First, there is a basis for believing that Mattingly's action is the sort of case that does not require expert testimony. Mattingly alleged in her complaint that her physical therapist failed to follow her physician's specific orders as to her care and that she was thereby harmed.

At oral argument, Mattingly clarified that the physical therapist did not follow the physician's orders and performed therapies that were harmful instead of beneficial. Mattingly argues that performing therapies contrary to a physician's orders does not require an expert on the standard of care as the standard of care is simply that the physical therapist follows the physician's orders. The circuit court never made a determination that Mattingly was incorrect and that an expert was in fact necessary for her to prove her claim of negligence.[6]

Second, Mattingly's declaration complied with notice pleading. It is well established that Kentucky is a notice pleading jurisdiction where claims do not have to be stated with technical precision; instead, pursuant to the requirements of Kentucky Rules of Civil Procedure (CR) 8.01(1), a "bare-bones" approach stating the cause of action and entitlement to relief is sufficient. *Russell v. Johnson*

---

[6] Mattingly noted during oral argument that prior to filing suit she did in fact have an expert review the matter, and the expert opined that an expert witness was not necessary for this case; however, no statement to that effect was included in the complaint.

*& Johnson, Inc.*, 610 S.W.3d 233, 240-41 (Ky. 2020). Mattingly fully informed the defendants that she was relying on her case not requiring expert testimony.

Third, Mattingly's declaration, if not a word-for-word recitation of the statutory language, was appropriate. I believe the "shall" contained in KRS 411.167(4), did not require an exact parroting of the statutory language for compliance. While I believe that it was mandatory that an affidavit or declaration clarify that expert testimony would not be required, I do not believe the statute requires any specific wording for such a statement to be valid and effective.

The use of the word "shall" is not determinative of whether a statutory provision is mandatory (requiring strict compliance) or directory (requiring only substantial compliance). *Knox Cnty. v. Hammons*, 129 S.W.3d 839, 842-43 (Ky. 2004). Instead, "if the directions given by the statute to accomplish a given end are violated, but the given end is in fact accomplished, without affecting the real merits of the case, then the statute is to be regarded as directory merely." *Skaggs v. Fyffe*, 266 Ky. 337, 98 S.W.2d 884, 886 (1936) (quoting *Varney v. Justice*, 86 Ky. 596, 6 S.W. 457, 459 (1888)). "Substantial compliance occurs when the purpose of a statute is accomplished and no harm results." *E.L.T. v. Cabinet for Health and Family Services*, 647 S.W.3d 561, 566 (Ky. App. 2022).

Therefore, in *Hammons*, the Kentucky Supreme Court concluded that the statutory publication requirement which specified that a summary for ordinances "shall" be certified was directory as:

> The obvious intent of KRS 67.077(2) is to ensure that no county ordinance is passed in secret or without reasonable notice to the public. . . . It can only be assumed that certification by fiscal court is required to ensure that the published summary is not misleading and provides sufficient detail as to put the public on notice of the nature of the ordinance. We do not believe that the fiscal court's certification of the summary is *absolutely* necessary to accomplish the purpose of KRS 67.077(2), where the summary in fact accurately and sufficiently describes the ordinance. Even without following the precise directives of KRS 67.077(2) and KRS 67.075(2), a resulting ordinance may nonetheless satisfy the intent of the statutes and, therefore, the statute is directory.
>
> Accordingly, having determined that KRS 67.077(2) is directory, substantial compliance may satisfy its provisions.

*Hammons*, 129 S.W.3d at 843.

It is evident that the purpose of KRS 411.167 is generally to help stop frivolous lawsuits by keeping cases which require expert proof from proceeding without establishing that an expert is likely to support the merits of the action (or at least a valid attempt was made to get an expert to consider the matter), as established through the submission of a certificate of merit. The purpose of KRS 411.167(4) is to allow a matter that does not require an expert to proceed without requiring a certificate of merit. But by such a suit proceeding, it is understood that

the plaintiff intends to prove a breach of the standard of care without the need for expert testimony.

Whether or not Mattingly's declaration perfectly matched the wording of the statute, so long as it provided appropriate notice that she did not believe an expert to be needed for her claims and served to waive her right to proceed without expert testimony if it was later determined to be needed (as she had not complied with the certification requirements of KRS 411.167(1) and (2)), her notice served its purpose. There would only be a problem if our Court were to permit Mattingly's declaration to allow her to escape from the requirements of KRS 411.167 and be a "work around" to filing a certificate of compliance, yet still allow her to call an expert later.

Fourth, I agree with Mattingly that based on what we know of her claim at this time, such a case likely does not require expert testimony. However, I also believe at this juncture in this medical malpractice suit that it would have been inappropriate for counsel to conclusively assert that no expert was required, knowing that the circuit court could later determine that expert testimony would be required. This provides yet another reason why the declaration should be interpreted to satisfy substantial compliance.

It is well established that "[t]he Kentucky Rules of Professional Conduct, [Rules of the Supreme Court] SCR 3.130, *et seq.*, are mandatory for all

Kentucky lawyers." *Holt v. Commonwealth*, 219 S.W.3d 731, 732 (Ky. 2007). These rules provide in relevant part that: "A lawyer shall not knowingly: . . . make a false statement of fact or law to a tribunal[,]" "[i]n the course of representing a client a lawyer: . . . shall not knowingly make a false statement of material fact or law to a third person[,]" and that "[i]t is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" SCR 3.130 (3.3(a)(1)), SCR 3.130 (4.1(a)), and SCR 3.130 (8.4(c)). *See Harris v. Jackson*, 192 S.W.3d 297, 305 (Ky. 2006) (quoting *Kentucky Bar Association v. Geisler*, 938 S.W.2d 578, 580 (Ky. 1997) (explaining that our "[s]tandards of ethics require greater honesty, greater candor, and greater disclosure, even though it might not be in the interest of the client")).

I believe that requiring counsel to make definitive representation at this juncture that an expert would not be required, would conflict with counsel's ethical duty of candor with the court and third parties.[7] While it may have been better for Mattingly if her counsel had simply claimed that expert testimony was not required using the exact language provided in the statute (given the reaction of

---

[7] For over forty years, attorneys in the Commonwealth have been on notice that they owe medical providers the duty to investigate the facts and law prior to filing a malpractice action and that proceeding without an expert can evince a "lack of probable cause" in filing a complaint. Such conduct can, and oftentimes does, lead to medical providers "turning the tables" and suing attorneys for malicious prosecution. *See Raine v. Drasin*, 621 S.W.2d 895, 902 (Ky. 1981), *abrogated on other grounds by Martin v. O'Daniel*, 507 S.W.3d 1 (Ky. 2016).

-13-

the circuit court and the majority opinion that anything else violates the mandatory nature of the statute), without further discovery a definitive answer would be premature and unethical, running afoul of well-established professional duties. I cannot condone requiring strict compliance under such circumstances.

I believe dismissal is premature. I would reverse and remand to allow limited discovery. After that has taken place, the circuit court could then appropriately rule on whether an expert witness is required for Mattingly to establish that her physical therapist (and thereby the hospital), was negligent.

Accordingly, I concur in part and dissent in part.

BRIEFS FOR APPELLANT:

Jeffrey T. Sampson
Louisville, Kentucky

BRIEF FOR APPELLEES:

Lon S. Hays
Joseph A. Wright
Abbie C. O'Brien
Louisville, Kentucky