RENDERED: JULY 14, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0444-DG

SUZANNA P. WEBB                                                 APPELLANT

ON DISCRETIONARY REVIEW
v.                   FROM MEADE CIRCUIT COURT, DIVISION II
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 21-XX-00005

COMMONWEALTH OF KENTUCKY
AND AMBER BETNER                                      APPELLEES

OPINION
REVERSING AND REMANDING

\*\* \*\* \*\* \*\* \*\*

BEFORE: DIXON, GOODWINE, AND KAREM, JUDGES.

KAREM, JUDGE: Suzanna Webb argues that the Meade Circuit Court erred in determining her partially disabled and appointing her daughter-in-law, Amber Betner, as her limited guardian and conservator. Specifically, Webb argues that the district court erred in concluding that one member of the interdisciplinary team required under Kentucky Revised Statute ("KRS") 387.540(1) was adequately

qualified to: (1) evaluate Webb pursuant to KRS 335.080(1)(a), (b), and (c) or 335.090(1)(a), (b), and (c); (2) aid in compiling the mandatory reports under KRS 387.540(1) prior to trial; and (3) testify in person at trial under KRS 387.570(6). Webb further contends that the district court erred in allowing the Commonwealth to present expert conclusions to the jury through hearsay testimony.

After careful review, we reverse with instructions to remand the case to the trial court for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2020, Betner filed petitions in Meade District Court requesting the court to determine whether Webb was disabled and to appoint Betner as Webb's fiduciary if she was disabled. Before the jury trial, three interdisciplinary evaluation reports were submitted to the district court as required under KRS 387.540(1). The first report was from Dr. Chris Godfrey, dated July 17, 2020, based on Dr. Godfrey's evaluation of Webb on July 12, 2020. Dr. Godfrey signed the report as a "Licensed Physician." The second report was from Dr. Jim V. Brock, dated December 16, 2020, based on his evaluation of Webb that day. Dr. Brock signed the report as a "Licensed Psychologist under KRS Chapter 319." The third report was from April Nelson, BA, Psychology, dated February 26, 2021, based on Nelson's evaluation of Webb on February 25, 2021. Nelson signed the report on the signature line reserved for "Other" signatures.

The district court held a jury trial in October 2021. Before the trial, the court held a conference to address Webb's motions *in limine* at which Webb objected to any of the interdisciplinary evaluation reports coming into evidence, noting that they were hearsay evidence. Webb further objected to the Commonwealth attempting to prove she was disabled only through Nelson's testimony, as she argued that Nelson was not a qualified witness. The court overruled Webb's motions and indicated that Nelson was qualified based on the court's prior experience with her as a witness.

At trial, Nelson testified that she had a bachelor's degree in psychology but was neither a licensed clinical social worker nor a licensed social worker. Rather, "per the Cabinet's policy" she was "allowed to perform these types of evaluations given [her] educational background and work experience."

Nelson further testified that she did not rely on Dr. Brock's or Dr. Godfrey's reports to evaluate Webb and testified that she had not seen them until the trial date. Nevertheless, the Commonwealth handed her a copy of Dr. Godfrey's report on the witness stand and requested that Nelson read the report. The district court overruled Webb's objection to Nelson reading Dr. Godfrey's report's conclusions directly to the jury.

Later in her testimony, the Commonwealth provided Nelson with Dr. Brock's report. Again, despite a timely objection by Webb, the court allowed

Nelson to read conclusions from Dr. Brock's report directly into evidence to the jury.

Additionally, on cross-examination by Webb's counsel, Nelson was asked why she signed her report on the line stating "Signature of Other" rather than on the preceding line where the box "Employee of the Cabinet for Health and Family Services who is qualified under KRS 335.080(1)(a), (b), and (c) and KRS 335.090(1)(a), (b), and (c)" could have been checked. She responded, "I don't have an answer for that."

Webb twice moved for a directed verdict, arguing that the Commonwealth had not made its case with clear and convincing evidence as required by KRS 387.570(5). The court overruled both motions.

The jury subsequently returned a verdict finding Webb partially disabled. Thereafter, the district court entered a judgment determining Webb partially disabled in managing her personal affairs and financial resources and entered orders appointing Betner as Webb's limited guardian and conservator for five (5) years.

Webb timely filed a notice of appeal to the Meade Circuit Court, and in March 2022, the circuit court entered an order affirming the district court's judgment. This Court granted Webb's motion for discretionary review in August 2022.

## ANALYSIS

Webb argues that the district court erred in concluding that Nelson was adequately qualified to evaluate Webb under KRS 335.080(1)(a), (b), and (c) or 335.090(1)(a), (b), and (c); to aid in compiling the mandatory reports under KRS 387.540(1) prior to trial; and to testify in person at trial under KRS 387.570(6). As stated by the Kentucky Supreme Court, "[t]he construction and application of statutes is a matter of law, which we review *de novo*, . . . without any deference to the interpretation afforded by the circuit court." *Travelers Indemnity Company v. Armstrong*, 565 S.W.3d 550, 556 (Ky. 2018) (citations omitted).

KRS 387.540(1) discusses the required reports to be provided to the district court before any proceeding to determine whether an individual is disabled. That statute states, in relevant part:

> Prior to a hearing on a petition for a determination of partial disability or disability and the appointment of a limited guardian, guardian, limited conservator, or conservator, an interdisciplinary evaluation report **shall** be filed with the court. . . . The report **shall** be compiled by at least three (3) individuals, **including** a physician, an advanced practice registered nurse, or a physician assistant, a psychologist licensed or certified under the provisions of KRS Chapter 319, **and a person licensed or certified as a social worker or an employee of the Cabinet for Health and Family Services who meets the qualifications of KRS 335.080(1)(a), (b), and (c) or 335.090(1)(a), (b), and (c)**.

*Id.* (emphasis added).

KRS 335.080(1)(c) requires that the Cabinet employee have "received a **master's degree or doctorate degree in social work** from an educational institution approved by the board[.]" (Emphasis added.) Similarly, KRS 335.090(1)(c) requires that the Cabinet employee have either "received a **baccalaureate degree in a social work or social welfare program accredited by the Council on Social Work Education**" or have "received a **baccalaureate degree** and **has completed courses equivalent to a social work or social welfare program as determined by the board**[.]" (Emphasis added.) Finally, KRS 387.570(6) states, in relevant part, that a court may not adjudicate an individual partially or fully disabled "unless at least one (1) of the persons who participated in the interdisciplinary evaluation required by KRS 387.540 testifies in person at the hearing."

The Kentucky Supreme Court has stated that "[t]he statutes relating to the appointment of guardians are mandatory and must be strictly construed." *Rice v. Floyd*, 768 S.W.2d 57, 60 (Ky. 1989). Similarly, when the words of a statute "are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written." *McCracken County Fiscal Court v. Graves*, 885 S.W.2d 307, 309 (Ky. 1994).

Here, the statutory requirements of KRS 387.540(1) are straightforward: the legislature unequivocally requires an individual who is a licensed or certified social worker or who has a degree or educational background in social work as determined by the board to be part of the interdisciplinary team compiling the reports.

In this case, the parties agreed that Nelson was not "a person licensed or certified as a social worker" under KRS 387.540(1). Further, although Nelson may have been an employee of the Cabinet for Health and Family Services, she did not meet the qualifications of KRS 335.080(1)(a), (b), and (c) or 335.090(1)(a), (b), and (c). While Nelson testified to holding a bachelor's degree in psychology, she had no degree in social work and produced no evidence that she had completed courses equivalent to a social work or social welfare program as determined by the Kentucky Board of Social Work under KRS 335.090(1)(c)2. Further, employment experience does not equate to the completion of courses equivalent to those stated in KRS 335.090(1)(c)2. Neither the Commonwealth nor Betner has referenced this Court to any part of the record indicating Nelson's completion of such coursework.

"A proceeding not following a mandatory provision of a statute is rendered illegal and void[.]" *Knox County v. Hammons*, 129 S.W.3d 839, 843 (Ky. 2004), *as modified* (Mar. 19, 2004) (citation omitted). Thus, because there was effectively no report from one of the three persons required under the provisions of

KRS 387.540(1), the district court should not have gone forward with the jury trial because the district court did not follow the instructions set out by the legislature. *See* KRS 387.540(7).

Because our ruling on the legal procedure of this case is dispositive, we decline to address Webb's remaining arguments on appeal.

## **CONCLUSION**

For the foregoing reasons, we reverse the Meade Circuit Court's order affirming the Meade District Court with instructions to vacate the judgment and remand to the district court for a new trial following the applicable statutory provisions consistent with the Opinion of this Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Harry B. O'Donnell, IV
Louisville, Kentucky

BRIEF FOR APPELLEE AMBER BETNER:

Caitlin P. Kidd
Justin R. Key
Prospect, Kentucky

BRIEF FOR APPELLEE COMMONWEALTH OF KENTUCKY:

Sidney Smith Durham
Brandenburg, Kentucky